## HAMILTON v. DAVID C. BEGGS CO.

(Circuit Court, S. D. Ohio, E. D. June 19, 1909.)

### No. 1,434.

1. CORPORATIONS (§ 560*)—RECEIVERS.

Receivers appointed for an insolvent corporation hold its property as officers of the court for the benefit of those ultimately adjudged to be entitled to it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2253–2260; Dec. Dig. § 560.*]

2. RECEIVERS (§ 153*)—LIABILITIES OF FUND IN HANDS OF RECEIVERS—TAXES —OHIO STATUTE.

While there is no statute in Ohio directly making taxes a lien on personal property, Rev. St. Ohio § 3206a, providing that "where property of an employer is placed in the hands of a * * * receiver, claims due for labor * * * shall be first paid out of the trust fund in preference to all other claims against such employer, except claims for taxes and the costs of administering the trust," in effect makes the claims specified, including taxes, a lien on the fund in such cases, and they are entitled to priority of payment as against the claims of general creditors.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 276; Dec. Dig. § 153.*]

In Equity. On final hearing.

Arnold, Morton & Irvine and B. W. Gearhart, for receivers.
George W. Carpenter, for James T. Lindsay.

SATER, District Judge (orally). On June 17, 1908, receivers were appointed for the defendant, an Ohio corporation and a large employer of labor engaged in conducting a department store. The past due and unpaid taxes on its personal property, which was wholly free from mortgage and judgment liens, were more than $7,000, to which was subsequently added a 10 per cent. penalty. The county treasurer had taken no steps to collect the taxes, but now asks that the receivers be

required to pay, as a prior claim, the full amount of taxes and penalty. The defendant's liability for the taxes and penalty is admitted, but the receivers deny that they are a lien on the property or its proceeds, or entitled to priority of payment.

Pending the litigation the receivers hold the property for the benefit of whomsoever in the end it shall be found to concern. Their possession is the possession of the court. The court, therefore, holds and administers the estate, through the receivers as its officers, for the benefit of those whom it shall ultimately adjudge to be entitled to it. Thompson v. Phœnix Ins. Co., 136 U. S. 297, 10 Sup. Ct. 1019, 34 L. Ed. 408; Fosdick v. Schall, 99 U. S. 251, 25 L. Ed. 339; White v. Ewing, 159 U. S. 38, 15 Sup. Ct. 1018, 40 L. Ed. 67. What, then, are the ultimate and relative rights of the creditors—treating the state as one of them?

The county treasurer may distrain sufficient goods and chattels, if found within his county, belonging to the person charged with past-due and unpaid taxes, to pay the same and accrued costs. Sections 1095, 1097, 2838, Rev. St. Ohio. He may also enforce their collection by civil action. Section 2859. There is, however, no statute which expressly declares that taxes on personal property shall be a lien on such property. The trial courts of Ohio are not in accord as to the status of such taxes, as appears from Spence v. Frye, 2 W. L. Gaz. 103 (decided in 1857), Citizens' Bank Assignment, 2 W. L. M. 121 (decided in 1859), Eich v. McDonald, 34 Bull. 228, and Creech v. Railroad Co., 2 N. P. 164 (both decided in 1895). The only decision rendered by a federal court touching the question is that of Metcalf v. Davies Screw Co., 3 W. L. B. 456 (decided in 1878), in which Judge Swing held that no lien is created by statute upon personal property for the taxes thereon, and that property of that character which had been seized on execution issued from a federal court could not be subjected to the payment of previously accrued taxes as a prior claim. In that case and in Wasteney v. Schott, 58 Ohio St. 410, 416, 51 N. E. 34, it is said that no lien is created on personal property for taxes laid against it, because the Legislature has deemed it impracticable to do so; but whatever may have been the legislative belief in Ohio, it is manifestly not impracticable, within proper limitations, to provide by statutory enactment that personal property shall be subject to a lien for the taxes assessed against it, as will appear from cases cited in the footnotes in Cooley on Taxation (3d Ed.) 854, 855.

It is earnestly affirmed, and as vigorously denied, that this case is ruled by Treasurer of Athens Co. v. Dale, 60 Ohio St. 180, 53 N. E. 958, in which it was held, in a per curiam, that the right of the state to the receipt of its taxes is paramount to that of all others. The facts of the Dale Case and of Security Trust Co. v. Root, 72 Ohio St. 535, 74 N. E. 1077, in which the priority of taxes on realty was maintained over a mortgage lien, are not the same as in the case at bar. It may be that the Supreme Court of Ohio is veering toward the doctrine that the state's right to the payment of taxes is paramount, but a federal court, so long as it may find other specific satisfactory grounds on which to rest its conclusions, can well afford to await an unequivocal announcement from the state court on that question. The unreported

case of Heintz v. Cameron, 70 Ohio St. 491, 72 N. E. 1159, is more nearly in point than any of the cases thus far mentioned. An examination of the record in that case discloses that in 1901 receivers were appointed for a corporation. No returns for taxation having been made by the corporation for the years 1899 and 1900, taxes for those years were charged against it by the proper taxing officer. The common pleas court adjudged that the receivers should pay the taxes for those two years as a prior charge. Its judgment was affirmed by the circuit court, excepting perhaps as to a point not affecting the question of taxes. The circuit court was affirmed by the Supreme Court. The state's right to priority of taxes was not strenuously opposed by the receivers in the lower courts, and they did not notice the question in their briefs filed in the Supreme Court, but it was argued at some length in the brief filed in behalf of the state. No conclusion, however, can be drawn from the case with entire certainty, as the Supreme Court's affirmance may have been placed on some one or more of the other issues involved.

On April 18, 1883, the General Assembly enacted a law entitled "An act supplementary to section 3206 of the Revised Statutes of Ohio, providing a lien for laborers, miners, mechanics and others, for their labor" (80 Ohio Laws, p. 183), now known as section 3206a, Rev. St., which, among other things, provides:

"And in all cases where property of an employer is placed in the hands of an assignee, receiver or trustee, claims due for labor performed within a period of three months prior to the time such assignee, receiver or trustee is appointed, shall be first paid out of the trust fund, in preference to all other claims against such employer, except claims for taxes and the costs of administering the trust."

This section of the law does not appear to have been considered in any reported case affecting taxes. It does not expressly provide that taxes, costs of administering the trust, and labor claims accruing within the time mentioned shall be liens on the employer's property, but it fixes the order of distribution of employers' estates, and fastens on the property of an employer of labor, as prior charges, the items named, and provides for their payment in preference to all other claims whatsoever. This section was under consideration in a case involving a labor claim in Re Laird, 109 Fed. 550, 48 C. C. A. 538, in which Judge Day said:

"This being the object and purpose of the statute, it seems to us tantamount to charging upon such funds a specific lien in favor of this class of creditors. Persons who deal with an employer after the passage of this statute must be held to know that, in case the property is placed in the hands of an assignee or receiver, the resulting fund from the administration of such trust shall first be subjected to the payment of such liens. Such a charge is in fact a lien. * * * In the fund realized from the administration of the trust, labor claimants who have performed service within three months before the property was taken to the uses of the trust have an interest. The statute charges the fund in their favor with the amount of their claims. We are of opinion that this is a charge or lien which cannot be interfered with to the prejudice of those entitled to it under the statute. * * * The statute has vested this right in cases of this character by a distinct charge upon the fund, which, if it could be said not technically to constitute a lien, has, nevertheless, all the characteristics and effect of one."

If labor claims are to be first paid out of the corporate estate, excepting taxes and costs of administration, taxes and costs must necessarily have a preference over all other demands. Taxes are placed in the same category as costs of administering the trust, but the latter have always been paid before distribution was made to the creditors, and those who dealt with the defendant company were charged with knowledge that, if it passed into the hands of a receiver, its personal property would be subject to the payment of taxes and costs and labor claims, and would be charged with the aggregate of their respective amounts. This is in harmony with the statement made in Re Bennett, 153 Fed. 673, 676, 82 C. C. A. 531, that the decision in the Laird Case was rested upon the proposition that the property came into the trustee's possession charged with the prior payment of labor claims, which were held to be, in legal effect and force, a lien created by the statute, and thus not avoided by the bankrupt law. Trust v. Miami Oil Co., 19 Ohio Cir. Ct. R. 727, is in accord with the last two cases. It is said, however, that the provision of section 3206a, above quoted, assumes that taxes were already made a prior lien on personal property passing into the hands of a receiver, and, as no such statutory enactment exists, such assumption does not make the provision in question the law. The language relating to taxes is not senseless, but has a plain and obvious meaning, and cannot be disregarded in construing the statute. Whether it was the opinion or not of the Legislature that taxes on chattels were a prior lien on personal property, the statute ought to be construed as giving what is tantamount to a lien on property falling within the terms of its provisions, if it did not already exist, in order that the effect of the language relating to taxes may not be destroyed. The title of the act is cited to sustain the proposition that the section was not framed with the intention of making taxes a prior lien on personal property, but it is well settled that the title cannot restrain the enacting clause. The language employed by the Legislature is competent to make the law for the future, dating from the time the act became operative, and I know of no principle which can deny this effect. Postmaster General v. Early, 12 Wheat. 136, 6 L. Ed. 577; State v. Miller, 23 Wis. 634. The priority is plainly implied in the language of the statute, and has the same force and effect as if it had been expressed in unequivocal language. Doyle v. Doyle, 50 Ohio St. 330, 34 N. E. 166; Cincinnati v. Oliver, 31 Ohio St. 377.

The taxes and penalty in question as against the common creditors are entitled to priority of payment, and an order may be drawn accordingly.