### BIG VEIN POCAHONTAS CO. v. MARYLAND CASUALTY CO.

(Circuit Court of Appeals, Fourth Circuit. April 21, 1920.)

#### No. 1785.

Principal and surety ☞190(3)—Casualty company, which paid judgment, entitled to enforce it against insured for excess above policy.

   That a casualty insurance company, which assumed the defense of an action against insured for death of an employé, refused a settlement of the claim for less than the sum finally recovered, *held* not to debar it from enforcing the judgment, which it had paid as surety in supersedeas bond against insured for the excess over the amount of its policy.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Western District of Virginia, at Roanoke.

Suit in equity by the Big Vein Pocahontas Company against the Maryland Casualty Company. Decree for defendant, and complainant appeals. Affirmed.

Robert R. Carman, of Baltimore, Md. (Barnes Gillespie, of Tazewell, Va., and James T. Carter, of Baltimore, Md., on brief), for appellant.

D. Lawrence Groner, of Norfolk, Va., for appellee.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

ROSE, District Judge. Below the plaintiff was appellant, and the defendant appellee. They will be so designated in this opinion. The former operated a coal mine; the latter writes employers' liability insurance. It insured the plaintiff to the amount of $2,500 against death claims, and undertook to defend at its own cost a suit therefor.

One Repass, while working in plaintiff's mine was killed. A suit followed. Defendant conducted the defense, and a judgment was rendered against plaintiff for $7,000. A writ of error to this court was sued out; defendant becoming surety on the supersedeas bond then given. The judgment below was affirmed. The defendant paid it, took an assignment of it, and undertook to force plaintiff to repay to it the excess over the $2,500 for which the defendant was bound by its policy.

Plaintiff thereupon filed this bill to compel defendant to enter the judgment paid and satisfied, on the ground that defendant, before the original suit was tried, knew that it was one which might well be lost, and, if it was, the judgment in all probability would exceed $2,500; that it had a chance to compromise the case for $3,000; that it attempted to coerce the plaintiff to contribute more than $500 of this sum, so that it would escape some part of its legal liability for $2,500. Upon the refusal of the plaintiff to submit to this unfair exaction, it declined the offer of settlement, and the subsequent judgment for $7,000 was the proximate result of its so doing. There is no suggestion of any lack of care, skill, or vigor in the defense that was made.

Plaintiff's case rests upon the assertion that there was an attempt to force it to bear some part of defendant's liability. The evidence fails to show that the defendant tried to do anything of the kind. It follows that the decree below, dismissing the bill, must be affirmed.