## PERSONAL TAXES OF AN INSOLVENT DEBTOR HAVE PREFERENCE OVER ALL OTHER LIENS.

### Common Pleas Court of Franklin County.

THE COMMERCIAL MORTGAGE CO. v. WILLIAM H. SYFERT.

#### Decided, April, 1922.

*Priority of Taxes on Personal Property Over all Claims—Clearly Implied in Section 8339—Distraint not Necessary to Create such Preference.*

Taxes and penalties on personal property in the hands of a receiver or assignee have priority over the claims of all classes of creditors.

*Wilber Benoy,* Asst. Pros. Atty., for Wm. M. Ginder, Treas. *B. F. Levinson,* for the receiver.

Heard on application of the treasurer of Franklin county for an order directing receiver to pay personal taxes and penalties as a preferred claim.

SCARLETT, J.

This question, whether personal taxes of a person or corporation, which were unpaid, but for which no seizure had been made, at the time of the appointment of a receiver, are entitled to preference over the general creditor, has not been considered directly by the higher courts of Ohio. The lower court decisions, directly in point, are against the treasurer's contention.

In the case of the *Citizens Bank Assignment* (Probate Court of Jefferson County) 2 Ohio Dec., 230, it was held that in case of an assignment, the personal taxes were entitled to no preference over the general creditors, because,

(1) There was no law making taxes levied on personal property a lien thereon, except by actual seizure and distraint; and,

(2) That no such seizure and distraint could be made after the property passed into the hands of another person, the assignee.

The same argument was adopted by the Clark county Common Pleas Court, in *Spence, Assignee, v. Frye, Treas.,* 3 Dec.

Rep. In each of these cases the property had been *conveyed* by the owner to an assignee. In *Eick* v. *McDonald* (Ham. Com. Pleas), 34 Bul., 229, it was merely held that taxes were not a lien on personal property in the hands of the receiver, as against mortgages or other holders of specific liens.

In none of these cases do we find a discussion of the broad rights of the sovereign in the matter of taxation, such as appears in a recent decision of the U. S. Supreme Court (*Marshall* v. *New York*, 254 U. S., 380, opinion by Mr. Justice Brandeis). In this case the ''single question'' was identical with the questions in this case, namely, the priority of certain state taxes, which were not made a lien by any statute, over the general creditors in a federal receivership. The courts of New York have recognized such priority, and if this priority was a prerogative right of the state its recognition was necessary in the federal courts, but otherwise if it was a mere rule of administration (of the trust fund in the hands of the receiver, etc.).

''At common law the crown of Great Britain, by virtue of a *prerogative right,* has priority over all subjects for the payment out of a debtor's property of all debts due it,'' effective alike whether the property was in the hands of the debtor, of a third person, or in *custodia legis.* ''The priority could be defeated or postponed only through the passing of title to the debtor's property, absolutely or by way of lien, before the sovereign sought to enforce his right.'' (Citing *Giles* v. *Grover,* 9 Bing., 128 *et seq.; In re Heating & Co.,* 9 Ch. D., 469.)

The Supreme Court found that the common law had been adopted and generally recognized in New York; that the common law *prerogative* of the sovereign was in effect in that state and extended ''to all property within its borders whether the property be in his (debtor's) possession or in *custodia legis'';* that a federal court receiver took property of the debtor subject to this priority or privilege; and that ''since the prerogative right of the state could not be expressed by levy or seizure an application to the court for the payment of the debt due was the appropriate remedy.'' Citing *In re Tyler,* 149 U. S., 164, 184.

There is not now in Ohio as there is in New York, any express constitutional or statutory adoption of the common law. Our constitution was adopted "with a recognition of estab-lished contemporaneous common law principles, and did not repudiate, but cherished the established common law." (*State* v. *Wing,* 66 O. S., 407.) And insofar as it is adapted to our institutions and circumstances the common law is applicable to the affairs of this state. Therefore the common law prerogative of the sovereign should be of value at least, in interpreting our statutes on the subject of personal taxes, and supply light if the statutory provisions are incomplete or lacking in clearness.

In the matter of taxes on real property the prerogative right was extended to give such taxes priority over prior incumbrances, but as to personal taxes it is merely provided by the same section (5371, G. C.) that "All personal property subject to taxation shall be liable to be seized and sold for taxes." It is further provided (Sec. 2658) that "when personal taxes are past due and unpaid, the county treasurer may distrain sufficient funds and chattels *belonging to the person charged with such taxes,* if found within the county," etc. These provisions as to personal property are in effect the common law prerogative, as defined above, without priority over conveyances, en-cumbrances or liens effected before the sovereign's seizure.

Another important provision is contained in Section 8339 of the chapter on liens, as follows:

"In all cases when property of an employer is placed in hands of an assignee, receiver or trustee, claims due for labor performed within the period of three months, prior to the times such assignee, receiver or trustee is appointed shall be first paid out of the trust fund in preference to all other claims against such employer, except *claims for taxes* and the costs of admin-istering the trust."

If labor claims are preferred over all claims, *except claims for taxes* and the cost of administration; then claims for taxes are, of necessity, also preferred claims. The clear inference therefrom is either that the legislature had in mind and thereby

recognized the common law prerogative or its equivalent, as expressed in the statutes referred to, or thereby declared a priority to be followed in the administration of estates by receivers and assignees. Whichever the reason, this court, as a state court, is controlled thereby.

As a matter of fact the federal court has given controlling effect to this statute. Judge Day in a case involving a labor claim (*In re Laird*, 109 Fed., 550, 48 C. C. A., 538) thus describes the effect of this statute:

"This being the purpose and object of the statute, it seems to us tantamount to charging upon such funds a specific lien in favor of this class of creditors. Persons who deal with the employer after the passage of this statute must be held to know that, in case the property is placed in the hands of an assignee or receiver, the resulting fund from the administration of such trust shall first be subjected to the payment of such liens. Such a charge is in fact a lien."

Judge Sater in *Hamilton* v. *David C. Beggs Co.*, 171 Fed., 157, 159, 160, cites Judge Day's opinion with approval and applies it to the state's claim for personal taxes, holding that:

"The priority is plainly implied in the language of the statute, and has the same force and effect as if it had been expressed in unequivocal language. *Doyle* v. *Doyle*, 50 O. S., 330; *Cincinnati* v. *Oliver*, 31 O. S., 377."

"The taxes and penalty in question, as against the common creditors, are entitled to priority of payment, and an order may be drawn accordingly."

This latter case is cited (p. 385) by Mr. Justice Brandeis in *Marshall* v. *New York*, *supra*, in pointing out that the state's priority for taxes does not "arise from an express lien on the assets existing at the time they passed into the receiver's hands," but "has been likened to an equitable lien," and analogous in preference to claims for labor under state statutes. The last comparison is of significance in sustaining our construction of the lien statute quoted (Sec. 8339, G. C.).

The receiver is, therefore, ordered to pay the personal taxes and penalties of the debtor in preference to all claims of the general creditors.