Common Pleas Court of Stark County.

TOUZALIN AGENCY CO. V. THE DICK MANUFACTURING CO.
ET AL.

Decided April 10, 1930.

*Fisher, Leahy & Weintraub* and *Karl Feist,* for receiver, The Dick Mfg. Co.

*Lynch, Day, Pontius & Lynch,* for receiver, The Fulton Pit Car Co.

*James M. Aungst,* prosecuting attorney; and *Huber J. Snyder* and *Donald V. Bennett,* assistant prosecuting attorneys, for Treasurer Stark county.

HARTER, HENRY W. JR., J.

This matter is presented to the court in the first case upon application of the receiver for instructions, and in the second case on exceptions taken by the prosecuting attorney on behalf of the treasurer of Stark county to the receiver's report. In both cases the questions arises as to whether or not claims of the county for unpaid personal taxes are entitled to priority on distribution of assets in the hands of the receiver, and consequently are considered together. In the first case the additional question arises as to the right of laborers to a preference for work performed for the employer within ninety days from the date its property was placed in *custodia legis.*

The statutes of Ohio which provide for the assessment and levy of taxes upon real estate provide specifically that the same shall be a lien upon the real estate against which they are assessed, in this language:—

Section 5713, General Code—"The state shall have a first and best lien on the premises described in said certification, for the amount of taxes, assessments and penalty, together with interest thereon at the rate of eight per cent per annum, from the date of delinquency to the date of redemption thereof, and the additional charge of twenty-five cents for the making of said certification, and sixty cents for advertising. If the taxes have not been paid for four consecutive years, the state shall have the right to institute foreclosure proceedings thereon, in the same manner as is now or hereafter may be provided by law, for foreclosure of mortgages on land in this State, and there shall be taxed by the court as costs in the foreclosure proceedings instituted on said certification, the cost of an abstract or certificate of title to the property described in said certification, if the same be required by the court, to be paid into the general fund of the county treasurer."

While there is no statutory provision for any lien for unpaid personal taxes, the treasurer is given the right to collect them in three different ways:—

1. By action at law, this remedy being provided in Section 5697, General Code;

2. By distraint or attachment as provided in Section 2665, General Code; and

3. When the property is in the hands of a receiver by rule of court issued as provided in Section 2660, which is as follows:—

"If the county treasurer is unable to collect by distress taxes assessed upon a person or corporation or an executor, administrator, guardian, receiver, accounting officer, agent or factor, he shall apply to the clerk of the Court of Common Pleas in his county at any time after his semi-annual settlement with the county auditor, and the clerk shall cause notice to be served upon such corporation, executor, administrator, guardian, receiver, accounting officer, agent or factor, requiring him forthwith to show cause why he should not pay such taxes. If he fails to show sufficient cause, the court at the term to which such notice is returnable shall enter a rule against him for such payment and the costs of the proceedings, which

rule shall have the same force and effect as a judgment at law and shall be enforced by attachment or execution or such process as the court directs."

So that if the personal tax claims are to receive any preference over the claims of general creditors, it must be by virtue of Section 8339, General Code, which is as follows:—

"Laborers and employees of any persons, association of persons or corporations, whether such employment be at agriculture, mining, manufacture or other manual labor, shall have a lien upon the real property of their employers for their wages, which is hereby declared to be superior to the following liens taken or attaching during the existence of such unpaid labor claim; liens of attachment, liens of mortgage given or taken at a time of actual insolvency of the debtor, or with a view of preferring creditors or to secure a pre-existing debt, and superior to all claims for homestead or other exemptions, except articles of personal property to the heads of families and widows. In all cases when property of an employer is placed in the hands of an assignee, receiver or trustee, claims due for labor performed within the period of three months prior to the time such assignee, receiver or trustee is appointed, shall first be paid out of the trust fund, in preference to all other claims against such employer, except claims for taxes and the costs of administering the trust."

It has been urged with great earnestness and not without reason that the last sentence of this section entitles the county to receive its claim for personal taxes in preference to both general creditors and laborers, and the following cases are cited as authority. *The Commercial Mortgage Co.* v. *Wm. H. Syfert,* 24 N. P. (N. S.) 157; *Hamilton* v. *Beggs Co.,* 7 O. L. R. 397; 171 Fed. 157, the opinion in the former case being by Scarlett, J., and in the latter by Sater, J. Both opinions are well considered, as is to be expected with regard to the opinions of those learned gentlemen. It appears to the court, however, that neither of those opinions, scholarly as they are, have considered all the matters which are thrust upon the court in attempting to reach a rule of decision.

In *Mortgage Co.* v. *Syfert, supra,* the court follows Judge Sater's opinion in the case above cited, and in ad-

dition relies upon *Marshall* v. *New York,* 254 U. S. 380, holding that there exists in behalf of the state, and consequently of its political subdivisions, a *prerogative right,* and cites the following excerpt from the opinion in *Marshall* v. *N. Y.*:—

"At common law the Crown of Great Britain by virtue of a *prerogative right* has priority over all subjects for the payment out of a debtor's property of all debts due it.  *  *  *  The priority could be defeated or postponed only through the passing of title to the debtor's property absolutely or by way of lien before the soverign sought to enforce his right."

If the opinion of the Syfert case rests in any degree upon the doctrine of *prerogative right* it is erroneous, since no prerogative right exists in Ohio.  This is clearly shown by the pains which the Legislature has taken to provide for liens on real estate taxes and liens for corporation franchise taxes which would be unnecessary if this doctrine were in force in Ohio.  The Marshall case *supra* is not at all in point since in the State of New York the Constitution adopted all the common law of England then in force, while the common law of England has been in force in Ohio since the year 1806 only insofar as it derives authority from the recognition of the courts as being applicable to the circumstances, condition and usages of the people, and also consistent with the legislation of the state.  *Kerwacker* v. *C. C. & C. R. R. Co.,* 3 O. S. 172.

It can hardly be contended that when the Legislature has taken the means to secure liens as to certain tax claims which are already mentioned and preferences which will be hereafter considered, that the doctrine of prerogative right is consistent with the state law.

The Syfert case, however, relies to a great extent upon Judge Sater's reasoning in the Beggs case, and Judge Sater in turn relies upon the reasoning of Day, J., in *In Re Laird* and *In Re Coe, et al,* 109 Fed. 550.

Even a cursory view of the facts in these latter cases discloses the fact that the court in those cases lost sight of the fact that in bankruptcy, by virtue of Section 64 of the Bankruptcy Act of 1898, taxes are now and were then

definitely entitled to first payment on distribution, and it was not necessary to consider the questions here presented in the slightest degree for the court to reach its conclusion in that case. It follows then that no weight can be given to the doctrine of prerogative right, and that insofar as Judge Sater's opinion was based upon Judge Day's it is entitled to a little weight; and in the opinion of the court, while Judge Sater's original logic as set forth in the Beggs case, is excellent, it is based upon certain false premises which arise because the whole statutory situation was not before him in the consideration of that case.

It will be noted that Sec. 8339 (Division 4, Chapter 1 of the General Code, which deals with mechanics' and other liens on real estate) at its outset provides for a lien upon the real estate of the employer for the wages of employes, which is superior to certain other liens, namely those of attachment, of mortgage during insolvency and of mortgage to secure a pre-existing debt, and then in the last sentence of the section sets out a preference on distribution and not a lien. It will also be noted that in the first sentence of the section the lien is for all wages due no matter when earned, and in the last sentence preference is available only to claims for labor performed within three months prior to the date of the receivership. A perusal of Section 8340 shows that it provides for a means of perfecting the lien provided for in the first sentence of the prior section, without which it is to be considered waived; while the preference on distribution is complete in itself and places a duty upon the receiver without any action upon the part of the employee.

Again, the case of *Machine Co.* v. *Supply Co.*, 68 O. S. 535, has established the fact that Section 11138 and Section 8339, General Code, are in *pari materia* and must be read and construed together. Section 11138, General Code is as follows:

"Taxes of every description assessed against the assignor upon personal property held by him before his assignment must be paid by the assignee or trustee out of the proceeds of the property assigned in preference to any other claims against the assignor. Each person who has

performed labor as an operative in the service of the assignor, within twelve months preceding the assignment, shall be entitled to receive out of the trust funds, before the paying of other creditors, the full amount of wages due for such labor, not exceeding three hundred dollars,"

and when this last section is considered with the former section and in *pari materia* with it, it apppears that there are three provisions made for protection of workmen, the third being provided in Section 11138 and applies to laborers who have performed labor for an employer within twelve months and which employer has made an assignment. So that, to recapitulate:

A laborer may have a lien for any amount due for labor under Section 8339, General Code if he perfects it by taking the steps provided under Section 8340, General Code.

2. He has a right to a priority in distribution for wages earned within three months from the date of the receivership or assignment except as to *taxes and costs of administration.*

3. He has a right to a priority for wages earned in twelve months in case of an *assignment,* which is subsequent, however, to *taxes of every description assessed against the assignor upon personal property held by him before his assignment.*

In this connection it is necessary to consider the provisions of Section 2660, General Code, which provides a means for the receiver to pay a less amount of personal tax than that which is assigned against his estate, and also, when taken in conjunction with Section 2596, General Code, the method by which uncollectable personal taxes against a receiver's estate may be dropped from the personal duplicate in connection with the treasurer's semi-annual settlement with the county auditor. If personal taxes must be paid first on distribution, then so far as receivers are concerned Section 2660, General Code loses much of its effect, and such a view in effect requires the court to read into that section the following provisions, namely: "If the receiver fails to show sufficient funds in his hands to meet the taxes in full" in place of

the words "If he fails to show sufficient cause" as provided in the statute itself.

It is the settled doctrine in Ohio that a tax law must be construed strictly against the state. *Cincinnati* v. *Conner*, 55 O. S. 82; *In re Bushnell*, 2 N. P. (N. S.) 673; *Maline* v. *Bowman, Treasurer*, Stark Court of Appeals, motion to Supreme Court overruled. The court said in the former case:

"If there are two acts or two provisions in the same act, of which one is special and particular, and clearly includes the matter in controversy, whilst the other is general and would if standing alone include it also, and if reading the general provision side by side with the particular one, the inclusion of that matter in the former would produce a conflict between it and the special provision, it must be taken that the latter was designed as an exception to the general provision."

If this rule of construction is adopted bearing in mind the general rule as to the strict construction of statutes imposing public burdens, the situation here presented resolves itself as follows:

The last sentence of Section 8339, General Code is general in its nature and it provides for the payment of taxes, using the term thus baldly, from the funds in the receiver's hands.

The provision as to payment of taxes from funds in the hands of an assignee is particular; it applies to this class of fiduciaries only and provides for the payment of all taxes of every kind and description assessed against the personal property of his assignor, and since under the rule of construction adopted by the Supreme Court and just above quoted it must be taken that this particular provision is designed as an exception to the general provision in the last sentence of Section 8339, General Code and consequently that the word "taxes" as used in that sentence of that act applies at most to real estate taxes which by statute are made a lien upon the land, which lien is, of course, transferred to the fund realized from its sale; and personal taxes accrued upon the estate while it is in *custodia legis*. Any other conclusion can only be arrived at when the whole situation is fully considered

by an unwarranted warping of the rules of construction which have been adopted by the Supreme Court, and in this court's opinion cannot be arrived at without adopting the doctrine of prerogative right, which does not exist in this jurisdiction.

The above conclusion is borne out by an examination of the statutes themselves. Section 11138, General Code first appears in 57 Ohio Laws at page 38 and applies only to the distribution of funds in the hands of an assignee, which is a particular provisions as the phrase is above used. Section 8339, General Code appears for the first time in 80 Ohio Laws at page 183 and is general in its nature. Furthermore, while Section 11138, General Code appears in 58 Ohio Laws, page 26; 75 Ohio Laws, page 134; and 86 Ohio Laws, page 202; its application is always confined to the particular case of the distribution of funds in the hands of an assignee.

The plain meaning of the last sentence of Section 8339, General Code, is to give a preference to workmen who come within the class there described which is superior to all unsecured creditors and to taxes accrued prior to the receivership.

The court therefore instructs the receiver in the case of *Touzalin Agency Co.* v. *The Dick Mfg. Co.* to pay out of the funds in his hands:

1. The costs of administration as allowed by the court.

2. All personal taxes accrued since the receivership upon the personal property comprising his estate.

3. All laborers' claims for work performed three months prior to the receivership.

4. Personal taxes accrued prior to the receivership against the property of his estate and all other general claims pro-rata.

And in the case of *The Timkin Roller Bearing Co.* v. *Fulton Pit Car Co.* overrules the exceptions to the receiver's report.

Exceptions to the defendant, the treasurer of Stark county. Receiver is to furnish entry in each case.