**STEELE v ELTHOR DRUG CO et**

Ohio Appeals, 7th Dist, Mahoning Co

Decided June 14, 1933

Jesse H. Leighninger, Pros. Atty., Youngstown, for plaintiff in error.

Hugh S. Jenkins, Youngstown, on brief for plaintiff in error.

Doyle, Fisher & Stroh, Youngstown, for defendants in error.

**OPINION**

By FARR, J.

It is urged here that this principle is contrary to the statutes of the state of Ohio and the decisions construing the same. The sections of the General Code of importance here are §§8339 and 11138 GC. The first section reads as follows:

"In all cases when property of an employer is placed in the hands of an assignee, receiver or trustee, claims due for labor performed within the period of three months prior to the time such assignee, receiver or trustee is appointed shall first be paid out of the trust fund in preference to all other claims against such employer, except claims for taxes and the costs of administering the trust."

And in the second it is provided:

"Taxes of every description assessed against the assignor upon personal property held by him before his assignment must be paid out of the proceeds of the property assigned in preference to any other claims against the assignor."

These two sections, as will be observed, are in pari materia, and are to be considered and construed together. While it is not expressly declared in Ohio that personal property taxes are a lien upon the personal property of the owner, yet it has been very generally held that such claim takes preference over claims of general creditors in the settlement of a trust estate.

Of interest in this connection is the case of Hamilton v Beggs, 171 Fed. 157, and **Doyle v Doyle, 50 Oh St 330,** it is said in the opinion:

"If labor claims are to be first paid out of the corporate estate except taxes and costs of administration, taxes and costs must necessarily have a preference over all other liens; taxes are placed in the same category as costs of administering the trust, but the latter have always been paid before distribution was made to the creditors and those who dealt with the defendant company were charged with the knowledge that as it passed into the hands of a receiver its personal property would be subject to the payment of taxes and costs and labor claims and would be charged with the aggregate in their respective amounts."

In the case of **Machine Company v Supply Company, 68 Oh St 540,** there are some helpful observations in the opinion of Burkett, Chief Justice. A case well worthy of notice in this connection is that of **Mortgage Company v Syfert, 24 N.P. (N.S.), 157** where it is held in the syllabus:

"The taxes and penalties on personal property in the hands of the receiver or assignee have priority over the claims of all classes of creditors."

It will be observed from the foregoing that the syllabus is precisely upon the point in this case, and a reference to the well considered opinion of the court discloses that it is by Judge Scarlett of the Franklin County Common Pleas Court, in which he cites and discusses a number of cases reflecting directly upon the issue in the instant case, notably, Marshall v New York, 254 U. S. 380; Giles v Grover, 9 Bing 128; In Re Tyler, 149 U. S. 164, 184; In Re Laird, 109 Fed. 550; 48 C.C.A. 538; Hamilton v Beggs Co., 171 Fed. 157, 159, 160; **Cincinnati v Oliver, 31 Oh St 377.**

Of interest also is **7 Ohio Jurisprudence 917,** which reads as follows:

"The legislature therefore recognized the common law prerogative or its equivalent, in the statutes referred to in thereby determining a priority to be followed; as a matter of fact the Federal Court has given controlling effect to this statute. A receiver was therefore ordered to pay the personal taxes and penalties of the debtor in preference to all claims of general creditors."

And to the same effect is 26 R.C.L. §390; 1 Clark on Receivers, §§669-670, page 948; Cooley on Taxation, 3 Ed. page 834. See also **Creech v Railroad Company, 2 N.P. 164,** and it was held in the case of Lumber Company v Cooperage Company, Mahoning County Court of Common Pleas, as follows:

"It is further determined by this court that the real and personal taxes constitute a preferred claim against the fund derived from the sale of the assets of the Sebring Cooperage Company."

But, waving aside the principles announced in the foregoing cases and authorities, it would seem that the commonwealth or the sovereign state would not waive its right to claim its proper quota from its citizens for the expenses of government. Under the English law it was the right of the sovereign to claim such support and there can be no question but that so much of such right as may be necessary to sustain the claim in the instant case to the effect that personal property taxes are a preferred claim, is maintainable.

In view of all the foregoing, it follows that the judgments in the two cases submitted together, and likewise decided, should be reversed because contrary to law, and final judgment will be entered in each case in behalf of the plaintiff in error.

Judgment reversed.

POLLOCK and ROBERTS, JJ, concur in the judgments.