### FIRST NATIONAL BANK v DALZELL-McCLASKEY CO et

Ohio Appeals, 7th Dist, Mahoning Co

No 2374. Decided Feb 27, 1937

Doyle & Fisher, Youngstown, for appellee.
M. A. Nadler, Youngstown, for appellant.

### OPINION

By CARTER, J.

This cause is in this court on appeal on questions of law, and is a contest between the Dalzell-McClaskey Co., appellee, and George P. Lewis, treasurer of Mahoning County, appellant, the First National Bank, appellee, being in no way interested in the questions presented between these two parties.

The cause is submitted on an agreed statement of facts, which is as follows:

"It is agreed by and between counsel for George P. Lewis, treasurer of Mahoning County, Ohio, and C. J. Goldthorpe, receiv-

er for the Dalzell-McClaskey Company, defendant corporation herein, that the following statement of facts is admitted by each of them to be true:

"It is further agreed by and between said counsel and the parties hereto, that said statement of facts shall be used as evidence in this case in lieu of a record, the same to be supplemented by any testimony which may be introduced by the parties and admitted by the court. That said statement of facts, together with said testimony shall also be used in lieu of, and as a bill of exceptions in the event that this case is reviewed by another court.

## STATEMENT OF FACTS

"Under date of February 17, 1933, C. J. Goldthorpe, of Youngstown, Ohio, became the duly appointed, qualified and acting receiver herein for The Dalzell-McClaskey Co., defendant herein, by an order of the Court of Common Pleas, Mahoning County, Ohio; that he has continuously since that date acted as such receiver and is at this time the duly appointed, qualified and acting receiver herein.

"Said receiver took charge of the assets of said defendant corporation upon the day of his appointment and under an order of the court, which appointed him, continued to operate defendant's business until the operation thereof was discontinued by an order of said court. Since the operation of the business has been discontinued, the assets have been converted into cash and there is now in the hands of said receiver, the sum of $3942.61.

"There are unpaid claims for merchandise, insurance, electric service and similar items incurred subsequent to the appointment of the receiver, in the amount of $6709.23. There is a claim for taxes due the treasurer of Mahoning County, Ohio, for personal property tax assessed and becoming due and payable subsequent to the appointment and qualification of said receiver in the sum of $2094.07. There are no unpaid labor claims which accrued subsequent to the appointment of the receiver.

"The sole question involved in this case and presented to the court is, whether there should be any priority in the order of payment between the personal property taxes, above described, and the claims against the receiver for merchandise, insurance, electric service and similar items arising and accruing subsequent to the appointment of said receiver."

It will be observed that all claims which might be designated as judicial costs in the case have been paid. There are unpaid claims for merchandise, insurance, electric service and similar items incurred subsequent to the appointment of the receiver, and the sole question involved is whether there should be any priority in the order of payment between the personal property taxes as set forth in the agreed statement of facts, and the claims against the receiver for merchandise, insurance, electric service and similar items arising and accruing subsequent to the appointment of the receiver.

The Court of Common Pleas held that the costs of preservation taxes accruing subsequently to the appointment of the receiver, merchandise claims and similar obligations incurred by the receiver in the operation of the business and preservation of assets were to receive the same pro rata of percentage of payment as all other claims in this class; and further found that all court costs should be first paid; secondly, any additional compensation to receiver, his attorneys, and other officers of the court allowed by the court; thirdly, realization costs including costs of liquidating assets belonging to the estate.

This court has, in the case of Abel Kimball Co., Treas., of Lake County, Ohio, plaintiff v E. H. Lange, assignee of Glen Elen Farms, Inc., defendant, cause No. 349, Court of Appeals, Lake County, committed itself to the doctrine that taxes are a preferred claim over claims similar to the ones enumerated in the agreed statement of facts submitted herein, based not only on certain observations found in this opinion in the above captioned case, but also by reason of the prerogative right of the sovereign to receive payment of taxes in preference to general unsecured creditors, notwithstanding obligations arising subsequent to the appointment of the receiver, and regardless of the fact that the receivership was being operated under and by order of the court. For further authorities otherwise than found in this opinion, see **Treasurer v Dale, 60 Oh St 180; Mortgage Co. v Seyfirt, 24 N.P. (N.S.) 157; Creech et v Railway Co., 2 Ohio N.P. 164; Steel v Elthor Drug Co., 38 Ohio Law Reporter, 268, (15 Abs 21); Hamilton v Beggs, 171 Fed. 157; In Re Laird, 109 Fed. 550; Marshall v New York, 254 U. S. 380; 26 Ruling Case Law, page 390, §348; McFarland v Hurley, 266 Fed. 365; Clark on Receivers, Second Edition, Vol. 1, page 948.** And many other cases in foreign jurisdictions might be cited to the same effect. Some of the above cited authorities deal with taxes due at

the time of the appointment of the receiver, and we cite same for the reasoning found therein.

It is the conclusion of this court that taxes assessed as indicated in the agreed statement of facts should be paid prior to and in preference to the other items in dispute indicated therein, and that such should have been the finding and order of the lower court.

Reversed and remanded with order to pay taxes assessed in preference to the general unsecured creditors as indicated in the agreed statement of facts.

Judgment reversed.

ROBERTS and NICHOLS, JJ, concur.