## MARSHALL, AS RECEIVER OF ALL PACKAGE GROCERY STORES COMPANY, *v.* PEOPLE OF THE STATE OF NEW YORK.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 294.   Submitted October 12, 1920.—Decided December 20, 1920.

1. At common law the crown of Great Britain, by virtue of a prerogative right, had priority over all subjects for the payment out of a debtor's property of all debts due to it, whether the property was in possession of the debtor or of a third person, or *in custodia legis;* and the priority could be defeated or postponed only through passing the title to such property, absolutely or by way of lien, before the sovereign sought to enforce his right.   P. 382.
2. A like right of priority, based on sovereign prerogative, belongs to the State of New York, as her highest court has decided, through her adoption, by her constitutions, of the common law, and attaches to a debt due the State by a sister-state corporation as a license fee or tax for the privilege of doing business in New York, although no statute of the State makes the tax a lien or declares its priority.   P. 383.
3. The question whether this priority is a prerogative right or a rule of administration is a question of local law, the determination of which by the highest court of the State concludes the federal courts.   P. 384.
4. The priority extends to all property of the debtor within the borders

of the State, whether the debtor be a. resident or a non-resident, and is enforceable against such property in the hands of a receiver appointed by a federal court within the State, since such a receiver takes property subject to all liens, priorities or privileges existing or accruing under the state laws. P. 385. *City of Richmond* v. *Bird,* 249 U. S. 174, distinguished.

262 Fed. Rep. 727, affirmed.

THE case is stated in the opinion.

*Mr. A. S. Gilbert, Mr. Francis Gilbert* and *Mr. William J. Hughes* for petitioner.

*Mr. Cortland·A. Johnson* and. *Mr. Robert P. Beyer* for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

On December 4, 1917, the District Court of the United States for the Southern District of New York appointed H. Snowden Marshall general receiver of the property of the All Package Grocery Stores Company, a corporation organized under the laws of Delaware, but having a place of business and property in the State of New York. The latter State asked to have certain debts due to it declared payable as preferred claims out of the assets in the hands of the receiver. These debts consisted of (a) amounts due for annual franchise taxes assessed under § 182 of the New York Tax Law, and (b) amounts due for license fees or taxes for the privilege of doing business within the State, assessed under § 181 of that law and payable but once. The State asserted in its claim "that said taxes accrued and became a lien on all the property of the defendant corporation pursuant to the provisions of the Tax Law of the State of New York prior to the appointment of the receiver herein." The District Court held that both

classes of claims were taxes, but that the lien created by
§ 197 of the Tax Law applied only to annual franchise
taxes and that no provision of the law gave a lien for
license taxes until a levy was made therefor.  It accord-
ingly allowed the preference as to the amounts due for
annual franchise taxes and denied it as to the amounts
due for license taxes.  Upon appeal by the State, the
Circuit Court of Appeals held that, independently of
specific statutory provision, the law of New York as
declared by its courts gave to the State as sovereign a lien
or priority for payment of taxes over unsecured creditors;
that this priority was a prerogative right, not a mere
rule of administration; and that it applied, therefore, in
the federal courts, 262 Fed. Rep. 727.  The case came here
on writ of certiorari, 252 U. S. 577.  The propriety of
allowing to the State a preference as to amounts due for
the annual franchise taxes is admitted by the receiver.  No
question of the relative priority of the State and the United
States is involved.  Nor does any question arise as to
priority of the State over incumbrances.  The single
question is presented whether the State of New York has
priority in payment out of the general assets of the debtor
over other creditors whose claims are not secured by act of
the parties nor accorded a preference, by reason of their
nature, by the state legislature or otherwise.

At common law the crown of Great Britain, by virtue of
a prerogative right, had priority over all subjects for the
payment out of a debtor's property of all debts due it.
The priority was effective alike whether the property
remained in the hands of the debtor, or had been placed in
the possession of a third person, or was *in custodia legis*.
The priority could be defeated or postponed only through
the passing of title to the debtor's property, absolutely or
by way of lien, before the sovereign sought to enforce his
right.  *Giles* v. *Grover*, 9 Bing. 128, 139, 157, 183; *In re
Henley & Co.*, 9 Ch. D. 469.  Compare *United States* v,

*National Surety Co.,* decided by this court November 8, 1920, *ante,* 73. The first constitution of the State of New York (adopted in 1777) provided that the common law of England, which together with the statutes constituted the law of the Colony on April 19, 1775, should be and continue the law of the State, subject to such alterations as its legislature might thereafter make. This provision was embodied, in substance, in the later constitutions. The courts of New York decided that, by virtue of this constitutional provision, the State, as sovereign, succeeded to the crown's prerogative right of priority; and that the priority was not limited to amounts due for taxes, but extended alike to all debts due to the State, *e. g.,* to amounts due on a general deposit of state funds in a bank. *Matter of Carnegie Trust Co.* 151 App. Div. (N. Y.) 606; 206 N. Y. 390. This priority has been enforced by the courts of New York under a great variety of circumstances in an unbroken series of cases extending over more than half a century.[1] It has been enforced as a right and not as a rule of administration.

This priority arose and exists independently of any statute. The legislature has never, in terms, limited its scope; and the courts have rejected as unsound every contention made that some statute before them for construction had, by implication, effected a repeal or abridgment of the priority.[2] The only changes of the right made by statute have been by way of enlarging its scope in

[1] See in addition to cases cited in the text: *Matter of Receivership of Columbian Insurance Co.,* 3 Abb. N. Y. Ct. App. Dec. 239, 242 [1866]; *Central Trust Co.* v. *New York City & Northern R. R. Co.,* 110 N. Y. 250, 259 [1888]; *Matter of Atlas Iron Construction Co.,* 19 App. Div. (N. Y.) 415, 419 [1897]; *Matter of Niederstein,* 154 App. Div. (N. Y.) 238, 246 [1912]; *Matter of Wesley,* 156 App. Div. (N. Y.) 403, 405 [1913]; *People* v. *Metropolitan Surety Co.,* 158 App. Div. (N. Y.) 647, 650 [1913]; *Mixter* v. *Mohawk Clothing Co., Inc.,* 155 N. Y. S. 647 [1915].

[2] See *Matter of Niederstein,* 154 App. Div. (N. Y.) 238, 244–6; *Matter of Wesley,* 156 App. Div. (N. Y.) 403, 405.

certain cases. Thus, while by the common law of England, *The King (in aid of Braddock)* v. *Watson*, 3 Price, 6, and by that of New York, *Wise* v. *L. & C. Wise Co.*, 153 N. Y. 507, 511, the priority does not obtain over a specific lien created by the debtor before the sovereign undertakes to enforce its right, the legislature of New York extended the prerogative right, so as to give certain taxes priority over prior incumbrances. An extension of this nature is found in § 197 of the Tax Law which declares in respect to the annual franchise tax, that "Such tax shall be a lien upon and bind all the real and personal property of the corporation, joint-stock company or association liable to pay the same from the time when it is payable until the same is paid in full." By reason of that provision the annual franchise tax takes priority over incumbrances on the corporate property. *New York Terminal Co.* v. *Gaus*, 204 N. Y. 512. Under the earlier law a debt for franchise taxes was not "a technical lien on specific property" and had been ordered paid out of monies in receivers' hands. *Central Trust Co.* v. *New York City & Northern R. R. Co.*, 110 N. Y. 250, 259. In the case at bar the District Judge relied upon § 197 as justifying him in giving priority for the claim for annual franchise taxes; and in denying priority for the claim for license fees, because in respect to the latter no corresponding provision is to be found in the Tax Law. But he had no occasion to seek statutory support for the priority sought by the State; since here it does not seek to displace any prior lien. It asks merely to have its prerogative right enforced against property on which there is no prior lien and upon which it is impossible to levy, because the property has been taken out of the hands of the debtor and placed in the custody of the court for purposes of protection and distribution.

Whether the priority enjoyed by the State of New York is a prerogative right or merely a rule of administration is a matter of local law. Being such, the decisions of the

highest court of the State as to the existence of the right and its incidents, will be accepted by this court as conclusive. Compare *Lewis* v. *Monson,* 151 U. S. 545, 549; *St. Anthony Falls Water Power Co.* v. *St. Paul Water Commissioners,* 168 U. S. 349, 358; *Archer* v. *Greenville Gravel Co.,* 233 U. S. 60, 68–69; *Guffey* v. *Smith,* 237 U. S. 101, 113. The priority of the State extends to all property of the debtor within its borders, whether the debtor be a resident or a non-resident and whether the property be in his possession or *in custodia legis.* The priority is, therefore, enforceable against the property in the hands of a receiver appointed by a federal court within the State. *Duryea* v. *American Woodworking Machine Co.,* 133 Fed. Rep. 329; *Conklin* v. *United States Shipbuilding Co.,* 148 Fed. Rep. 129, 130; compare *Franklin Trust Co.* v. *New Jersey,* 181 Fed. Rep. 769; *Washington-Alaska Bank* v. *Dexter, Horton National Bank,* 263 Fed. Rep. 304. For a receiver appointed by a federal court takes property subject to all liens, priorities or privileges existing or accruing under the laws of the State. In the case at bar a warrant for the amount of the license tax might have issued but for the appointment of the receiver, and if the levy had been made it would have become, under § 201 of the Tax Law, a lien on all the property of the company from "the time an actual levy shall be made by virtue thereof." Since the prerogative right of the State could not be enforced by levy and seizure, an application to the court for payment of the debt due was the appropriate remedy. *In re Tyler,* 149 U. S. 164, 184.

The State's right to be paid out of the assets prior to other creditors does not, as pointed out in *In re Tyler, supra* (quoting *Greeley* v. *Provident Savings Bank,* 98 Missouri, 458), arise from an express lien on the assets existing at the time they passed into the receiver's hands. *State* v. *Rowse,* 49 Missouri, 586, 592; *George* v. *St. Louis Cable & Western Ry. Co.,* 44 Fed. Rep. 117, 118; *Hamilton*

v. *David C. Beggs Co.*, 171 Fed. Rep. 157; *Coy* v. *Title Guarantee & Trust Co.*, 212 Fed. Rep. 520, 523; 220 Fed. Rep. 90. The right of priority has been likened to an equitable lien. *State* v. *Rowse, supra*. The analogous preference in payment given to claims for labor by state statutes, and to which the Bankruptcy Act gives priority, have been described as being "tantamount" to a lien. *In re Laird*, 109 Fed. Rep. 550, 555; *In re Bennett*, 153 Fed. Rep. 673, 677. The priority is a lien in the broad sense of that term which includes "those preferred or privileged claims given by statute or by admiralty law." 2 Bouvier Law Dict. (15th ed., 1883) 88. The prerogative right of the State resembles the privilege accorded by the civil law of Louisiana to certain classes of debts which it was assumed in *Burdon Central Sugar Refining Co.* v. *Payne*, 167 U. S. 127, would be enforced against property in the custody of a receiver appointed by a federal court. The fact that the right rests on the common law independently of any statute, does not, of course, affect the right of enforcement in the federal courts.

*City of Richmond* v. *Bird*, 249 U. S. 174, relied upon by the petitioner is not in point. The city sought there in vain to have taxes declared payable out of the bankrupt's assets in preference to the claim of the landlord thereon which was secured by a specific lien arising upon distraint. This court held that the city did not have such superior right since neither the laws of the United States nor those of Virginia accorded such priority. Here it is not sought to gain priority over a lien existing at the time when the receiver was appointed; and the priority over unsecured creditors is granted by the common law of New York.

*Affirmed.*