## THE CHARLOTTE.

(Circuit Court of Appeals, Second Circuit. April 28, 1924.)

### No. 317.

1. **Shipping ⊕—41—Charter held a demise which made the charterer owner pro hac vice.**

A charter party, by which the owner did "charter and lease" a tug to the state of New York for the navigation season, *held* a demise which made the state owner pro hac vice during the term, though the owner was to keep the tug in repair and furnish and pay the master and crew, where she was managed and controlled wholly by agents of the state, who made the contracts for her services.

2. **Admiralty ⊕—43—Vessel under charter which makes a state owner pro hac vice not subject to suit for maritime tort.**

A vessel under charter to a state by a charter party which makes the state owner pro hac vice is not subject to suit for a maritime tort committed during the period of charter use.

Appeal from the District Court of the United States for the Western District of New York.

Suit in admiralty by William J. Dolloff against the steam tug Charlotte; Frank F. Fix and Charles Fix, claimants. From the decree, libelant appeals. Affirmed.

For opinion below, see 285 Fed. 84.

Brown, Ely & Richards, of Buffalo, N. Y. (John B. Richards and Lawrence E. Coffey, both of Buffalo, N. Y., of counsel), for appellant.

Stanley & Gidley, of Buffalo, N. Y. (Ray M. Stanley and Ellis H. Gidley, both of Buffalo, N. Y., of counsel), for appellees.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

⊕—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM.    This is the same litigation which gave rise to the proceedings in Ex parte New York No. 1, 256 U. S. 491, 41 Sup. Ct. 588, 65 L. Ed. 1057.

The Charlotte, owned by claimants herein, was by a document called a charter and lease in the employment of the state of New York and used by the authority of that state in towing on the Erie Canal. Libelant asserts by this suit in rem that she was negligently navigated to the injury of his barge or canal boat. The question here is whether this action can be maintained under the authority of the case above. cited, of The Queen City (Ex parte New York No. 2) 256 U. S. 503, 41 Sup. Ct. 592, 65 L. Ed. 1063, and The Western Maid, 257 U. S. 419, 42 Sup. Ct. 159, 66 L. Ed. 299.

[1] Nothing need be added to the opinion of the court below in respect of its holding that the charter and lease of the Charlotte existing at the time of the alleged negligence was a demise of the vessel and made the state of New York her owner pro hac vice.

The first case cited above shows that no action in personam would lie against the state of New York in the admiralty for the damage complained of; The Queen City shows that if the Charlotte had been owned absolutely by the state, no action in rem could have been maintained against the vessel; and The Western Maid shows that in respect of the sovereign United States there is no difference between a vessel owned outright and one owned pro hac vice by the sovereign.

[2] This reduces the question at bar to an inquiry whether there is any difference between the sovereignty of the United States and that of the state of New York in so far as its immunity from suits of this kind is concerned.

The general nature of a state's sovereignty has been too often set forth to require additional exposition now; it is summarily stated with due citation of authorities in 36 Cyc. 828.

It is thought that no state has been more insistent upon the extent of its sovereign powers than the state of New York, and that sovereignty has recently received full recognition in Marshall v. People of the State of New York, 254 U. S. 380, 41 Sup. Ct. 143, 65 L. Ed. 315, where all the New York cases are cited. We think it unnecessary to do more than state our acceptance of the proposition that in the absence of any diminution of power in this regard by the Constitution of the United States, the state of New York can neither be sued in personam for the tort complained of, nor can its property, whether absolute or owned pro hac vice, be made to respond for the same tort. In other words, the doctrine of Western Maid, supra, applies to and governs this case.

Decree affirmed, with costs.