## In re CENTURY STEEL CO. OF AMERICA, Inc.

(Circuit Court of Appeals, Second Circuit. January 10, 1927.)

### No. 134.

Taxation ⬥⟹510—**State has lien on bankrupt's real estate for franchise taxes, superior to prior judgment liens, though warrant of collection never issued (New York Tax Law, § 219-c [added by Laws 1917, c. 726, amended by Laws 1919, c. 628, § 11, Laws 1920, c. 640, § 8, Laws 1921, c. 443, § 11, Laws 1922, c. 507, § 7, and Laws 1925, c. 321, § 2], and § 219-e [added by Laws 1917, c. 726, and amended by Laws 1921, c. 443, § 13]).**

Under Tax Law N. Y. (Consol. Laws, c. 60) § 219–c (added by Laws 1917, c. 726, and amended by Laws 1919, c. 628, § 11, Laws 1920, .c. 640, § 8, Laws 1921, c. 443, § 11, Laws 1922, c. 507, § 7, and Laws 1925, c. 321, § 2). and section 219–e (amended by Laws 1921, c. 443, § 13), state has a lien on real estate of bankrupt corporation for franchise taxes assessed, superior to liens of judgments docketed before or after assessment of such tax, though no warrant for collection was ever issued.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of the Century Steel Company of America, Inc. From an order of the District Court, denying preference to claim of the State of New York for franchise taxes, the State appeals. Order reversed, and matter remanded, with directions.

Under article 9-a of the Tax Law of New York (added by Laws 1917, c. 726, amended by Laws 1919, c. 628), the state (appellant) assessed franchise taxes against the bankrupt, on June 15, 1920, for the tax year ending October 31, 1920, and again on March 19, 1921, for the tax year ending October 31, 1921. No warrant was ever issued to any sheriff of the state for the collection of these taxes, nor was any levy for said taxes ever made upon the real property of the bankrupt. In this bankruptcy proceeding certain real property belonging to the bankrupt, and situated in the county of Dutchess, N. Y., was sold, and whatever liens then existed against said realty were transferred to the fund derived from its sale.

At and before the time of sale various judgments, duly entered and docketed in the office of the county clerk of Dutchess county, existed against the bankrupt. Beside the fund arising from the above-mentioned sale of realty the bankrupt estate owns moneys derived from the sale of personalty, against which certain claims for priority have been made, and (so far as the record herein shows) these priorities have not been as yet adjusted.

The state of New York, alleging itself to be a lienor upon the bankrupt's realty superior in rank to any and all of the judgment creditors hereinabove referred to, applied to the court below for preferential payment out of the fund derived from the sale of realty. The court below denied the preference, and the state took this appeal.

Albert Ottinger, Atty. Gen. (Wendell P. Brown and Claude T. Dawes, Deputy Attys. Gen., for the State of New York.

John B. Ball, of Poughkeepsie, N. Y., and Charles M. Sheafe, Jr., of New York City, for sundry judgment creditors.

Samuel H. Brown, of Poughkeepsie, N. Y. (Charles M. Sheafe, Jr., of New York City, of counsel), for appellee Central New England Ry. Co.

Before HOUGH, MANTON, and MACK, Circuit Judges.

PER CURIAM. Upon this record we are not concerned with the ultimate disposition of the realty and personalty funds in the hands of the trustee in bankruptcy, nor with any process of marshaling which may become necessary in adjusting the rights of creditors and lienors.

The sole question before us is whether, having regard to section 219-c (amended by Laws 1919, c. 628, § 11; Laws 1920, c. 640, § 8; Laws 1921, c. 443, § 11; Laws 1922, c. 507, § 7; Laws 1925, c. 321, § 2) and section 219-e (amended by Laws 1921, c. 443, § 13) of the Tax Law of the state of New York, these franchise taxes constituted (although no warrant for collection was ever ·issued) a lien upon the bankrupt corporation's realty superior to duly docketed ·judgments, whether such docketing was before or after the assessment of the tax.

We are unable to agree with the decision below, because it seems to us that New York Terminal Co. v. Gaus, 204 N. Y. 512, 98 N. E. 11, conclusively establishes that such tax did become by force of the Tax Law a lien on the taxpayer's realty paramount to all other incumbrances; and Marshall v. New York, 254 U. S. 380, 41 S. Ct. 143, 65 L. Ed. 315, explicitly recognized the binding force of that decision in ·the courts of. the United States. The case last cited loses none of its authority because it was a proceeding in ° equity, and not in bankruptcy. So far as we are informed, the state has complied with all the requirements of the bankruptcy law in presenting its demand.

The order appealed from is reversed, without costs, in so far as it refused priority to the state of New York, and the matter remanded to the court below, with directions to take further proceedings not inconsistent with this opinion.