### NORTH RIVER COAL & WHARF CO. v. McWILLIAMS BROS., Inc.

### PEOPLE OF THE STATE OF NEW YORK v. MACLAY et al.

Circuit Court of Appeals, Second Circuit. January 6, 1930.

No. 153.

Hamilton Ward, Atty. Gen. (Borden H. Mills, Deputy Asst. Atty. Gen., on the brief), for the People of the State of New York.

Kobbe, Thatcher, Frederick & Hoar, of New York City (Karl T. Frederick and Albert H. Ely, Jr., both of New York City, of counsel), for appellee receivers.

Hornblower, Miller & Garrison, of New York City (Frederic G. Bastian, of New York City, of counsel), for appellee New York Trust Co.

Park, Mattison & Lynch, of New York City (Henry E. Mattison, of New York City, of counsel), for appellees McWilliams and Desheimer.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). The New York State Tax Law (Consol. Laws, c. 60) in section 182 provides for the taxation of franchises and in section 197, as amended in 1925 (Laws 1925, c. 321), is found the basis of the appellant's claim to priority in the following provisions:

"Each such tax or fee shall be a lien and binding upon the real and personal property of the corporation, joint-stock company, association, unincorporated company, person or partnership liable to pay the same until the same is paid in full. But the lien of each such tax or additional tax shall be subject to the lien of any mortgage indebtedness existing against real property previous to the time when the tax or additional tax is due and payable and where such mortgage indebtedness has been incurred in good faith and was not given, directly or indirectly, to any officer or stockholder of the corporation owning such real property, whether as a purchase money mortgage or otherwise."

The lien created upon real estate is expressly made subordinate to that of a pre-existing real estate mortgage, but there is no such statutory provision in respect to chattel mortgages.

Before the amendment of 1925, a franchise tax lien was entitled to priority in payment over pre-existing incumbrances. New York Terminal Co. v. Gaus, 204 N. Y. 512, 98 N. E. 11. See, also, Marshall v. New York, 254 U. S. 380, 41 S. Ct. 143, 65 L. Ed. 315; Seaboard National Bank v. Rogers Milk Products Co. (C. C. A.) 21 F.(2d) 414, and Matter of Century Steel Co. (C. C. A.) 17 F. (2d) 78. In these cases no distinction was made between the effect of real property and personal property mortgages on the title to the property mortgaged, and there is no indication that the subject was considered pertinent. No chattel mortgage was involved in any of them but the Gaus Case, where attention seems to have been centered on a real property mortgage, and we think the opinion plainly shows that the title to the property was assumed to be in the mortgagor, as if nothing but a real estate mortgage had been given.

We now have chattel mortgagees who, without denying the existence of a franchise tax lien on all the personal property of this corporation, or denying that the state may enforce such lien to obtain priority in payment over pre-existing liens and incumbrances, take the position that these chattels were not the property of the corporation after the mortgages took effect. They say that the title passed to the mortgagees at the time the mortgages came into force, and that thereafter the corporation owned only the right to redeem, and so had no property in the mortgaged chattels to which the franchise tax lien could, or did, attach except the equity of redemption.

This claim as to the title seems to have a firm foundation in the case of Barrett Manufacturing Co. v. Wheeler & Van Ronk, 212 N. Y. 90, 105 N. E. 811, 812. Speaking of New York, it is there stated that "in this state a chattel mortgage is a present transfer of the title to the property mortgaged by it, defeasible by the payment of the sum or instrument it is given to secure." The mortgagee, rather than the mortgagor, was held to be the owner of the mortgaged property. The effect a chattel mortgage has upon the title to property under the law of New York is, we think, settled for us by the Barrett Case, and we can arrive at no other result, from its application to the facts in this case, than that the mortgaged vessels were not the property of the corporation after the mortgages took effect. From that time on, the corporation owned only the equity of redemption. It follows that the mortgage indebtedness should be paid out of the special account before it is subjected to the payment of any franchise taxes.

Decree affirmed.