**In re SIXTY–SEVEN WALL STREET RESTAURANT CORPORATION.**

No. 68519.

District Court, S. D. New York.
Jan. 20, 1938.

White & Case, of New York City (Henry M. Marx, of New York City, of counsel), for debtor.

John J. Bennett, Jr., Atty. Gen. (W. Gerard Ryan, of Albany, N. Y., and Francis T. Nolan, of New York City, of counsel; Francis Newman, on the brief), for Industrial Commissioner, Division of Placement and Unemployment Insurance of Department of Labor of state of New York.

Paul Windels, Corp. Counsel (Oscar S. Cox and Max Brofman, of New York City, of counsel), for City of New York.

LEIBELL, District Judge.

The Industrial Commissioner of the State of New York makes this application for leave to file a claim in the sum of $263.72, representing payroll contributions due from the debtor under the New York Unemployment Insurance Law, Labor Law N.Y., Consol.Laws, c. 31, § 500 et seq. In these proceedings under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, the time set for filing claims against the debtor has expired, but no objection is made to the filing of the claim nunc pro tunc, nor to its allowance.

The Commissioner further contends, however, that the claim in question is entitled to priority in payment over unsecured creditors. This contention is disputed by the debtor. The sole point urged by the debtor is that the Industrial Commissioner can receive no priority in the instant case by reason of the express statutory provisions of Section 77B of the Bankruptcy Act, in particular Section 77B (k), 11 U.S.C.A. § 207(k).

The crux of this case is what effect is to be given to the provision of subdivision (k) of Section 77B of the Bankruptcy Act, which provides that Section 64 (11 U.S.C.A. § 104) shall not apply to reorganization proceedings unless and until an order of liquidation has been entered. The purpose of Section 64 was to provide a hard and fast categorical classification of claims against a bankrupt estate and to provide for the order in which said claims were to be paid. This invariable order of priorities, though suitable for the ordinary administration and liquidation of an estate in straight bankruptcy, might prove wholly unsatisfactory in reorganization proceedings, the purpose of which was to avoid a liquidation of the debtor's assets. Congress provided that Section 64 should not be binding upon the Court in a reorganization proceeding under Section 77B. It seems to have been the purpose of Congress to allow the court in each reorganization proceeding to fix the particular order of priorities as dictated by its judicial discretion in the light of the facts of each particular case, with certain express exceptions. In other words, the classification of claims in reorganization proceedings was not to be dictated by the categories of Section 64, but rather by the exigencies of each individual case.

It does not seem to have been the purpose of Congress to deprive the court of any power to classify claims and grant a particular creditor or class of creditors priority over unsecured creditors. This would defeat the purpose of Section 77B and is contrary to the broad scope expressly authorized for a plan of reorganization under said section. Besides Section 77B (b) (1), 11 U.S.C.A. § 207(b) (1), provides that the plan of reorganization shall include provisions modifying or altering the rights of creditors generally or of any class of them secured or unsecured; and also (b) (8), 11 U.S.C.A. § 207(b) (8), provides that a plan of reorganization shall specify what claims, if any, are to be paid in cash in full.

To give effect to the purposes of Section 77B it is necessary to interpret subdivision (k) as leaving with the court (unless and until liquidation becomes necessary) a discretionary power to classify claims and to grant preference as the facts of the particular case may require. Of course, the discretionary power has been limited here and there in the course of Section 77B. For example, in the case of taxes due the United States (§ 77B (e) (1), 11 U.S.C.A. § 207(e) (1) ; and in respect to "unsecured claims which would have been entitled to priority over existing mortgages if a receiver in equity of the property of the debtor had been appointed by a Federal court." (§ 77B (b), 11 U.S.C.A. § 207(b). Since, however, the precise point involved on this motion is not at all expressly dealt with in Section 77B, the Court should have discretion to grant the tax claims priority. In exercising its discretion the Court will be guided by what could be done in the case of a Federal equity receivership and in so doing will give effect as far as possible to the desired priority expressed in the New York Unemployment Insurance Law. The provisions of subdivision (a) of Section 77B, 11 U.S.C.A. § 207(a), give the Federal Court having jurisdiction of the proceeding "all the powers, not inconsistent with this section, which a Federal court would have had it appointed a receiver in equity of the property of the debtor by reason of its inability to pay its debts as they mature."

The payroll contribution required by the Unemployment Insurance Law is in the nature of an excise tax. W. H. H. Chamberlin, Inc., v. Andrews, 271 N.Y. 1, 2 N.E.2d 22, affirmed 299 U.S. 515, 57 S.Ct. 122, 81 L.Ed. 380. Subdivision 6 was added to Section 522 of Article 18 of the New York State Labor Law by Chapter 142 of the Laws of 1937, and attempts to give the Industrial Commissioner's claim against the employer for unpaid contributions to the Unemployment Insurance Fund in any bankruptcy proceeding, including reorganization, such priority over unsecured creditors as is provided in Section 64b of the Bankruptcy Act, 11 U.S.C.A. § 104(b). If this were an ordinary bankruptcy proceeding, the claim of the

State would unquestionably be entitled to priority under Section 64 of the Act. (11 U.S.C.A. § 104).

There is one provision in Section 77B which specifically refers to the payment of claims for taxes on the confirmation of a plan of reorganization. That clause (§ 77B(e) (1), 11 U.S.C.A. § 207(e) (1) forbids the confirmation of any plan of reorganization which does not provide for the payment of taxes due to the United States, unless the Secretary of the Treasury accepts a lesser amount or fails to object to the plan after due notice of its terms. Taxes due to States or their political subdivisions are not mentioned.

It has been held that the provisions of Section 77B(a) and (b), 11 U.S.C.A. § 207(a, b) are indicative of an intent on the part of Congress that the District Court, in classifying claims against a debtor in reorganization, shall not be bound by the categories of Section 64, but shall be free, in its discretion, to equitably classify the claims as in the case of a Federal equity receivership. In re Pierce-Arrow Motor Car Company (W.D.N.Y.) December 19, 1935, unreported opinion of Judge Knight; In re Central Public Service Corp.,[1] C.C.H.Bankr.Service Corp., par. 3723 (D.Md.1935). But see critical discussion of these decisions in 49 Harvard Law Review 1177, 1178.

██ In Federal equity receivership proceedings the common law right of a sovereign state to priority over unsecured creditors in the payment of taxes due the state has been recognized and applied. Marshall v. New York, 254 U.S. 380, 41 S.Ct. 143, 65 L.Ed. 315. Accordingly, in the Pierce-Arrow Case, supra, a preference was granted the State of New York on its claim for administration expenses incurred under the New York Workmen's Compensation Law, Consol.Laws, c. 67, and a preference was similarly granted to the State of Maryland on its claim for franchise taxes in the Central Public Service Case, supra. In my opinion those decisions should be followed here.

The claim of the New York State Industrial Commissioner is therefore accorded priority and ordered paid.

### Supplemental Opinion.

██ For the reasons stated in my opinion in this proceeding upon the application of New York State for preference upon its claim for payments due under the Unemployment Insurance Law, I grant a similar priority to the tax claims of the City of New York. The taxes in question (sales tax and gross receipts tax) were levied under the delegated authority of the State Legislature (Chapter 873 of the Laws of 1934, Ex.Sess.) Matter of Atlas Television Co., Inc., 273 N.Y. 51, 6 N.E. 2d 94. They would be entitled to a preference in an ordinary bankruptcy proceeding. New York City v. Goldstein, In re Lazaroff, 299 U.S. 522, 57 S.Ct. 321, 81 L.Ed. 384; Jayrose Millinery Co., 2 Cir., 93 F.2d 471. I am of the opinion that they should be accorded priority in this reorganization proceeding under Section 77B.

The application of the city of New York is in all respects granted.

---

[1] No opinion for publication.