## CHICAGO TITLE & TRUST CO. v. FOX THEATRES CORPORATION.
### No. 387.

Circuit Court of Appeals, Second Circuit.
June 26, 1939.

148

Robert Aronstein, of New York City, for appellants.

Herbert R. Berk and Basil O'Connor, both of New York City (Herbert R. Berk and Arnold T. Koch, both of New York City, of counsel), for appellees.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

In this creditors' suit the district court appointed receivers for Fox Theatres Corporation, whose assets included a lease upon theatre property in Atlanta, Georgia. Upon disaffirmance of this lease by the receivers, the lessors, the present appellants, filed in the receivership proceedings their proof of claim, verified August 29, 1932, for rent of $12,333.33, which was overdue at the time of the disaffirmance, and for damages of more than $1,000,000 on account of repudiation of the lease. By stipulation the claim was allowed as a general claim in the sum of $400,000, and subsequently the appellants received two dividends thereon without suggesting that their claim was entitled to priority in payment. On January 4, 1939, they presented a motion asserting that their claim is entitled to be paid in whole or in part ahead of all other general claims and asking that the matter be set down for a hearing. From an order denying such motion they have appealed.

The asserted right to priority is based, first, on a Georgia statute and, second, on the terms of the lease. Section 61-203 of the Georgia Code of 1933 provides as follows: "Landlords shall have * * * a general lien on the property of the debtor, liable to levy and sale, which general lien shall date from the time of the levy of a distress warrant to enforce the same." By virtue of this provision the appellants claim a general statutory lien upon the property of the lessee. But there is nothing in the record to indicate that this statute can have any application to the case at bar. There is neither allegation nor proof that the lessee had within the state of Georgia any property liable to levy and sale or that a distress warrant was ever levied to enforce the landlord's statutory lien. The contention that a local statute imposes a lien on property of the lessee wherever located is utterly unfounded. In J. T. Fargason Co. v. Furst, 8 Cir., 287 F. 306, 309, and Driver v. J. T. Fargason Co., 8 Cir., 288 F. 671, 673, the circuit court of appeals for the eighth circuit held, with the citation of numerous authorities, that a landlord's lien created by a state statute has no extraterritorial force. See, also, New York Trust Co. v. Island Oil & Transport Corp., 2 Cir., 11 F.2d 698, 699; Franklin Trust Co. v. State of New Jersey, 1 Cir., 181 F. 769, 771. In Marshall v. New York, 254 U.S. 380, 385, 41 S.Ct. 143, 145, 65 L.Ed. 315, it is said that "The priority of the state extends to all property of the debtor within its borders." Henderson v. Mayer, 225 U.S. 631, 32 S.Ct. 699, 56 L.Ed. 1233, upon which the appellants strongly rely, gives no support to their contention, for there the tenant did have property within the state of Georgia upon which a distress warrant was levied prior to the bankruptcy.

The claim to a contract lien based on the terms of the lease is likewise without foundation in the record. Such a lien is expressly limited to "property of the Lessee situated upon said premises at any time during the said term." There is no allegation in the moving papers that there was any such property; nor is it alleged that any property in Georgia subject to a lien in their favor ever came into the hands of the receivers appointed in this suit or in any manner augmented the receivership estate. Neither on the theory of a statutory lien nor on that of a contract lien did the appellants show any right to have their claim or any part of it paid ahead of other general claims, and without such a showing there was no reason to set the matter down for a hearing. This is enough to require affirmance of the order without considering other points that have been argued.

Order affirmed.