[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10942

_____

D.C. Docket No: 8:09-cv-00087-RAL-TBM

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

versus

WELLS FARGO BANK, N.A., Creditor,

Interested Party-
Appellant,

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 22, 2017)

Before JORDAN and JILL PRYOR, Circuit Judges, and PROCTOR,[*] District Judge.

PROCTOR, District Judge:

## I.     BACKGROUND

Following the collapse of a Ponzi scheme, the district court appointed a receiver to administer the affairs, funds, and property of parties who perpetrated that failed scheme. The district court also established a claims administration process by which those who had claims to property administered by the equity receivership could file proofs of claim.  In this appeal, we are called upon to decide whether in such a circumstance a district court may extinguish a non-party's pre-existing rights to property under the administration of the equity receivership if that non-party fails to comply with the court's orders regarding filing of proofs of claim.  We conclude a district court may not.  And, we look to bankruptcy law to aid us in addressing this question of first impression.

On January 21, 2009, the SEC initiated an action (the "Nadel action") following the collapse of a Ponzi scheme perpetrated by Arthur Nadel.  As a result, the district court appointed a Receiver over the Nadel action Defendants.  The district court directed the Receiver to "administer and manage the business affairs, funds, assets, choses in action and any other property of the Defendants and Relief

---

[*] Honorable R. David Proctor, United States District Judge for the Northern District of Alabama, sitting by designation.

Defendants; marshal and safeguard all of the assets of the Defendants and Relief

Defendants; and take whatever actions are necessary for the protection of the

investors." Accordingly, the receivership exercised authority not only over claims

from victimized investors, but also entities and businesses which were funded with,

and properties purchased with, proceeds of Nadel's Ponzi scheme. While Wells

Fargo is not a party in the Nadel action, it has secured interests in three properties

which the Receiver took possession of pursuant to the district court's orders.

On April 21, 2010, the district court entered an order establishing a claims

administration process by which potential claimants (both investors and creditors)

could file proof of their claims against the receivership. As part of the claims

administration process, the Receiver would mail a claims packet, which contained

a Proof of Claim form, to investors and creditors whose property was implicated in

the Ponzi scheme. Under authority of the district court order, the packet required

that non-investors (including non-party creditors such as Wells Fargo) provide to

the Receiver any amount claimed due, together with supporting documents, by the

claim bar date.[1] The district court's order required that all creditors submit their

---

[1] The Claim Bar Date Notice explained that:

If you were not an investor, but believe you are or may be a creditor of one o[r] more of the Receivership Entities, you must provide to the Receiver by the Claim Bar Date (1) the amount you contend you are owed from any Receivership Entity; (2) any amounts received from any Receivership Entity; and (3) legible copies of all documents on which you base your claim (i.e., all invoices for services or

3

claims before the claim bar date, and did not distinguish between secured and unsecured creditors with respect to this requirement.  The district court (1) established a deadline of September 2, 2010 for filing a Proof of Claim form and (2) barred any claims asserted after that date.

Consistent with this process, the Receiver mailed a single claims packet to Wells Fargo at its Atlanta, Georgia address.  After receiving this packet, Wells Fargo submitted a Proof of Claim as to its loan that secured one receivership property within the set claim bar date, but did not submit a Proof of Claim detailing its secured interest in the other two receivership properties.

---

goods provided, loan documents, etc.) or, if any such documents are not available, a detailed explanation as to why such documents are not available.

The Claim Bar Date Notice further stated:

**4.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM OR POTENTIAL CLAIM THAT FAILS TO FILE A PROOF OF CLAIM (1) THAT FULLY COMPLIES WITH ALL REQUIREMENTS SET FORTH IN THIS NOTICE **AND** (2) BY THE CLAIM BAR DATE WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST RECEIVERSHIP ENTITIES… THEIR RESPECTIVE PROPERTY, THE RECEIVER, OR THE RECEIVERSHIP ESTATE, AND FROM PARTICIPATING IN ANY DISTRIBUTION FROM THIS RECEIVERSHIP.

## II.  PROCEDURAL HISTORY

On February 8, 2012, well after the September 2, 2010 claim bar date, Wells Fargo submitted a motion seeking a determination that the filing of Proofs of Claim was unnecessary to preserve its security interests in, and claims against, collateral in the Receiver's possession (including the two properties for which it failed to submit Proofs of Claim).  Alternatively, Wells Fargo's motion sought leave to file belated claims pursuant to Rule 60(b) based on excusable neglect.  The district court deferred ruling on the motion.

On December 7, 2015, the Receiver filed a motion seeking two forms of relief.  First, the Receiver's motion sought a determination that Wells Fargo's failure to submit Proofs of Claim for the loans secured by two properties extinguished its interests in those properties.  Second, the motion requested the release of the proceeds from the sale of one of the properties for which Wells Fargo did not file a Proof of Claim.  Wells Fargo objected to the motion.  Nevertheless, the district court granted the Receiver's motion, finding that Wells Fargo's security interests in the two properties were not preserved due to its failure to submit Proofs of Claim.  The district court further held that Wells Fargo's Rule 60(b) request was untimely and insufficient.  The district court specifically determined that Wells Fargo bore the burden to protect its rights pursuant to the framework set forth in the court's prior order.  The district court reasoned that

5

secured creditors such as Wells Fargo, despite their secured interest, were obliged to follow court orders in order to protect their rights to collateral in the receivership proceedings.  Wells Fargo appeals the district court's order.  After careful review, and with the benefit of oral argument, we agree with Wells Fargo, and reverse and remand this matter to the district court for further proceedings consistent with this opinion.

## III.    STANDARD OF REVIEW

The sole issue in this appeal is whether the district court correctly determined that Wells Fargo's failure to file certain proofs of claim in accordance with the district court's procedures extinguished Wells Fargo's secured interest in the receivership properties.  This is a question of "pure law," which we review *de novo*.  *See Young v. New Process Steel, LP*, 419 F.3d 1201, 1203 (11th Cir. 2005) (holding that "[w]e decide 'pure law' issues *de novo*, which is another way of saying that a ruling based on an error of law is an abuse of discretion.") (internal citations omitted).

## IV.    DISCUSSION

We first address the Receiver's argument that Wells Fargo's appeal is untimely.  After finding that argument is without merit, we address whether Wells Fargo's security interests were properly terminated by the district court.

A.    Wells Fargo's Appeal is Timely.

As an initial matter, the Receiver argues that Wells Fargo untimely noticed its appeal, and accordingly is procedurally barred from bringing the appeal. Specifically, the Receiver contends that Wells Fargo's security interest in the two properties for which it did not file Proofs of Claim was extinguished at the point that it failed to submit those Proofs of Claim in compliance with the district court's order. Accordingly, the Receiver argues, Wells Fargo's "Motion for Determination" was effectively a motion for reconsideration, which was untimely, because it was filed more than a year after the entry of the relevant district court order. Similarly, then, the Receiver argues, Wells Fargo had until only September 21, 2010 to appeal the district court's order establishing the claims filing procedure. But the Receiver's argument is without merit. The district court's order establishing the claims filing procedure cannot be characterized as a "final trial court judgment that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[2] *Fla. Wildlife Fed'n, Inc, v. Adm'r, U.S. EPA*, 737 F.3d 689, 692 (11th Cir. 2013) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457 (1978)). And, as the order was not final, it did not put Wells Fargo on notice that the district court would

---

[2] Moreover, Wells Fargo clearly contests the abolition of its security interests in the properties at issue, not the creation of a claims procedure.

extinguish its secured interests by later order or that its security interests would be automatically terminated upon non-filing of a Proof of Claim. Accordingly, the first order from which Wells Fargo could take an appeal was the district court's February 2, 2016 order. Wells Fargo's appeal is timely. Fed. R. App. P. 4(a)(1)(A).

> B.    The District Court Erred When it Terminated Wells Fargo's Security Interest in the Properties at Issue.

As we have observed, a "district court has broad powers and wide discretion to determine relief in an equity receivership." *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992). This discretion derives from the inherent powers granted an equity court to fashion relief. *Id.* (citing *SEC v. Safety Finance Service, Inc.*, 674 F.2d 368, 372 (5th Cir. 1982)). To be sure, among these broad powers is the power to establish proof of claim procedures and set an effective claims bar date. *See SEC v. Tipco, Inc.*, 554 F.2d 710, 711 (5th Cir. 1977). However, while a federal district court has wide-ranging authority to supervise a receivership, we hold it does not have the authority to extinguish a creditor's pre-existing state law security interest, as the district court purported to do here.

It is axiomatic that security interests in property are determined by state law, *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918 (1979), and that "a receiver appointed by a federal court takes property subject to all liens, priorities, or privileges existing or accruing under the laws of the state," *Marshall v. New*

8

*York*, 254 U.S. 380, 385, 41 S.Ct. 143, 145 (1920).  But beyond these well-established rules, there is minimal authority with respect to a district court's authority, in the context of a receivership, to extinguish a secured creditor's pre-existing state law security interest by operation of its own claims administration process.  We note, however, that our Circuit's bankruptcy law has fielded and answered questions similar to those presented here and specifically addressed what limits are imposed upon a district court under similar circumstances. [3]  We conclude bankruptcy law is both analogous and instructive here.  After all, a primary purpose of both receivership and bankruptcy proceedings is to promote the efficient and orderly administration of estates for the benefit of creditors.  *See, e.g.*, *Elliott*, 953 F.2d at 1572-73 (analyzing bankruptcy law in the receivership context).  Accordingly, we analyze the question before us through the lens of our bankruptcy decisions.

In the bankruptcy context, a secured creditor's lien remains intact through the bankruptcy, regardless of whether the creditor files a proof of claim.  *In re*

---

[3] A number of other circuits have also looked to bankruptcy law to aid in addressing issues raised in the receivership context.  *See e.g.*, *Marion v. TDI Inc.*, 591 F.3d 137, 148 (3d Cir. 2010) (analyzing bankruptcy law in a receivership context); *Fidelity Bank, Nat'l Ass'n v. M.M. Grp., Inc.*, 77 F.3d 880, 882 (6th Cir. 1996) (finding it "appropriate and helpful to refer to the rules governing appellate standing in bankruptcy proceedings" when no case law existed regarding the rules in a receivership action); *Unisys Fin. Corp. v. Resolution Trust Corp.*, 979 F.2d 609, 611 (7th Cir. 1992) (reasoning that bankruptcy law is "parallel" and "instructive" in the receivership context).

*Bateman*, 331 F.3d 821, 827 (11th Cir. 2003) ("An unsecured creditor is required to file a proof [of] claim for its claim to be allowed, but filing is not mandatory for a secured creditor. In fact, a secured creditor need not do anything during the course of the bankruptcy proceeding because it will always be able to look to the underlying collateral to satisfy its lien.") (citations omitted); *In re Thomas*, 883 F.2d 991, 997 (11th Cir. 1989) (finding that a creditor's lien was not voided in bankruptcy proceeding, and a proof of claim must only be filed in a Chapter 13 proceeding to preserve a deficiency claim).[4]

This reasoning is also consistent with treatises that have addressed the issue in the receivership context.  For example, one such treatise states that:

> The appointment of a receiver does not invalidate liens existing at the time the receiver is appointed, although it may affect or change the remedy or remedies which the lienholder may use to enforce his lien. Generally speaking the person who has a specific lien on property is entitled by following proper procedure to pay himself out of the property and if it be insufficient, then to prove his claim for the deficiency.  In the case of receivership such claim must come out of the proceeds of property not covered by the specific lien and such claim for deficiency must prorate with the unsecured creditors. Generally speaking no other creditor except the lienholder is entitled

---

[4] The Receiver argues that the cases cited by Wells Fargo "are a creature of, and unique to, the federal bankruptcy code itself."  Response Br. at 27.  But that argument is simply off the mark.  Secured creditors' liens ride through bankruptcy for reasons beyond 11 U.S.C. § 506(d). In fact, well before section 506(d) was added to the modern Bankruptcy Code, courts held that creditors' secured interests were preserved throughout bankruptcy. *Long v. Bullard*, 117 U.S. 617, 620-21 (1886); *see also White v. FIA Card Servs., N.A.*, 494 B.R. 227, 230 (Bankr. W.D. Va. 2012) ("A longstanding pre-Code rule allowed secured creditors to choose not to participate in a debtor's bankruptcy proceeding and still retain valid, enforceable liens once the debtor was discharged from bankruptcy.").

10

> to any part of the proceeds of property covered by a lien until the lienor is first paid.

Ralph Ewing Clark, *A Treatise on the Law and Practice of Receivers*, § 646 (3d ed. 1959).  A secured creditor certainly may file a proof of claim in a receivership action, in turn submitting itself to the jurisdiction of the receivership, and entitling itself to access of the general pool of receivership assets for any unsecured portion of its debt.[5]  In fact, this may often be advisable where a secured creditor is undersecured or anticipates having a claim for deficiency beyond what may be paid out of the collateral.  However, a federal district court cannot order a secured creditor to either file a proof of claim and submit its claim for determination by the receivership court, or lose its secured state-law property right that existed prior to the receivership.

## V.    CONCLUSION

For the reasons stated above, we reverse the district court's order granting the Receiver's Motion for Determination that Wells Fargo's Failure to Comply with this Court's Claims Administration Process Extinguished its Purported Interests in Receivership Properties, and for Release of Proceeds of Sale of Sarasota Property.  Wells Fargo's security interests remain intact as to the two

---

[5] As the district court correctly noted, there is a distinction between a secured creditor's *in rem* rights to the collateral and its right to receive a distribution for the general pool of receivership assets.  Nevertheless, the district court erred when it then determined that Wells Fargo's failure to file Proofs of Claim for two of its properties extinguished its *in rem* rights to the collateral as well as its right to receive a distribution from the pool of receivership assets.

11

properties for which it did not file a Proof of Claim in the district court.  This case

is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**