### JUNG ARCH BRACE CO. v. SCHOLL MFG. CO., Inc.

Court of Customs and Patent Appeals.  January 27, 1930.

Patent Appeal No. 2154.

W. F. Murray and Frank L. Zugelter, both of Cincinnati, Ohio, for appellant.

Charles W. Hills, of Chicago, Ill., and Myron G. Clear, of Chicago, Ill. (A. C. Mabee, of Chicago, Ill., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.  The appellee, Scholl Manufacturing Company, Inc., filed its application for registration of trade-mark December 1, 1924.  The mark in question was a representation of a naked foot within an annular life preserver and was applied to foot corrective appliances, such as arch supports, toe separators, and other like articles.  The applicant alleged in its petition that it had used the mark continuously on its goods since February, 1915.  The appellant, the Jung Arch Brace Company, filed notice of opposition to said registration, averring itself to be the owner of certificate of registration No. 153,216, issued March 14, 1922.  Said registered trade-mark of appellant consists of a representation of the outline of the human foot inclosed within a circle, the foot having a representation of a brace or bandage around the instep of the same.

The Examiner of Interferences dismissed the notice of opposition and this decision was affirmed by the Commissioner.

The only question involved is that of priority of use of the mark in question.  It appears from the record that appellant's first use of its registered mark on merchandise offered for sale was in September, 1919.  The trade-mark of appellant having been registered prior to the application of appellee, the burden of proof is upon the applicant and any doubts will be resolved against him.  Bluthenthal v. Bigbie, 30 App. D. C. 118; McLean Co. v. Adams Mfg. Co., 31 App. D. C. 509; In re Nash Hardware Co., 33 App. D. C. 221; William Wrigley, Jr. & Co. v. Norris, 34 App. D. C. 138; Mayer Fertilizer & Junk Co. v. Virginia-Carolina Chemical Co., 35 App. D. C. 425.

We have examined the record and are unable to say that the office is in error in finding a prior use of the mark in question by appellee.  Appellee called three witnesses, William H. Scholl, executive of appellee, Daniel W. Landon, treasurer of appellee, and Charles H. Gill, advertising manager of ap-

pellee from 1917 to 1923. Scholl testifies that he offered a prize for an acceptable sketch for a trade-mark and as a result accepted and adopted the mark in question in February, 1915; that he has used the same continuously since that time as a trade-mark on arch supports, bunion pads, and similar goods. To corroborate this, he offers advertisements from two trade papers, issued in March, 1917, showing the mark in question. It is true that the mark, to be effective, must be used on the articles offered for sale and that its use for advertising only is not sufficient. Battle Creek Sanitarium Co. v. Fuller, 30 App. D. C. 411; Columbia Mill Co. v. Alcorn, 150 U. S. 460, 14 S. Ct. 151, 37 L. Ed. 1144. But the advertisements in question are corroborative of the positive testimony of Scholl that the mark was used on the goods.

Scholl's testimony as to the date of use is also corroborated by the testimony of Landon and Gill.

It is strenuously insisted by counsel for appellant that Exhibit 4, a pasteboard carton offered in evidence by appellee, is conclusive proof of a fabricated case on the part of appellee. It was found that this carton had two paper covers, the outer one bearing the advertisement of appellee, with the mark in question, and the inner one containing the advertisement, without the mark. In addition, George H. Jung, Jr., went into the market on February 12, 1926, and purchased one of appellee's appliances, in a carton, not having the trade-mark upon it. This carton was offered in evidence and is known as "Exhibit 24." This, it is claimed, demonstrates that the appellee did not, in fact, use the mark, at the early date it claims. We cannot follow the appellant in this contention. There is no proof in the record as to how long the carton in question had been in the possession of the merchant from whom Jung purchased it. Scholl sold his goods in cartons prior to the adoption of his mark in 1917. If he had cartons on hand at that time, nothing is more natural than that he should paste new labels over the old ones, and thus be able to use the cartons he had on hand. Certainly, if appellee intended to fabricate evidence, it would not have pasted a properly marked label on the top of one not so marked, and thus lay itself open to the liability of discovery. Litigants fabricating evidence usually do a better job than this.

We see no reason to disturb the decision of the Commissioner, and it is affirmed.

Affirmed.