## COMMONWEALTH OF PENNSYLVANIA v. STOCKER.

### No. 5259.

Circuit Court of Appeals, Third Circuit.

March 29, 1934.

Wm. A. Schnader, Atty. Gen., and Leo Weinrott, Sp. Deputy Atty. Gen., for the Commonwealth.

James J. O'Brien and Fox, Rothschild, O'Brien & Frankel, all of Philadelphia, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

Penn Petroleum & Supply Company was an agent of the Commonwealth of Pennsylvania for collecting liquid fuel taxes. Having collected, but not having paid over, $1,-984.07 of such taxes, the company became bankrupt. Before its bankruptcy the Commonwealth had not filed a certificate of lien against the fund as it might have done. Therefore it did the next best thing which was to file with the referee a claim against the bankrupt estate not as a lienor and not for taxes but merely for a debt, asserting priority of a sovereign in payment over other creditors. Its claim of priority was made under section 64b(7) of the Bankruptcy Act which, as amended by the Act of May 27, 1926, c. 406, § 15, 44 Stat. 666, 11 USCA § 104(b) (7), provides that: "The debts to have priority * * * (in advance of dividends to creditors) shall be * * * (7) debts owing to any person (and to any state) who by the laws of the States * * * is entitled to priority." The trustee resisted payment, the referee allowed the claim with priority, and on review the District Court reversed the referee, disallowed the priority but allowed the claim as a general claim. The Commonwealth appealed.

The questions were, and on this appeal still are, whether under the common law of Pennsylvania that Commonwealth is vested with the sovereign prerogative of priority over other creditors in the payment of debts and, if at one time that were so, whether the Commonwealth has waived the prerogative.

The District Court did not touch the last question because it held that the first question concerns the character of the debts rather than the character of the creditor and that priority, within the terms of the cited provision of the Bankruptcy Act, was to be determined accordingly. But this distinction cannot, in our judgment, be sustained because, however the provision with respect to "debts" is read, one gets back to the provision of debts owing to any person or state "who by the laws of the States * * * is entitled to priority" and the question, thus qualified, remains, whether by the laws of Pennsylvania that state has priority of payment over debts due its citizens. On that question the Supreme Court of Pennsylvania has repeatedly spoken and plainly held, consistently with decisions of other courts, that in respect to debts (not reduced to liens) the state has priority over other non-lien creditors by virtue of the prerogative which belonged to the King and, on separation, passed to the state in its sovereign capacity. Commonwealth, to Use of United States, v. Lewis, 6 Bin. (Pa.) 266; Booth & Flinn v. Miller, 237 Pa. 297, 85 A. 457; South Philadelphia State Bank's Insolvency, 295 Pa. 433, 145 A. 520, 83 A. L. R. 1123; Marshall v. New York, 254 U. S. 380, 382, 41 S. Ct. 143, 65 L. Ed. 315; American Bonding Company v. Reynolds (D. C.) 203 F. 356, 357; In re Blalock (D. C.) 31 F.(2d) 612, 616; In re Alamac Operating Corporation (C. C. A.) 42 F.(2d) 120; City of Dallas v. Ryan (C. C. A.) 62 F.(2d) 959, 960; State of Oregon v. Ingram (C. C. A.) 63 F.(2d) 417. Such unquestionably being the law of the Commonwealth of Pennsylvania as announced by its highest court, it must be accepted by this federal court as conclusive. Marshall v. New York, 254 U. S. 380, 385, 41 S. Ct. 143, 65 L. Ed. 315.

454

The trustee argues, however, that even though this was the law of Pennsylvania through or after the transition from the colony to the state, carrying with it the common law of England, it is not so now because, first, the several cases stating the law in this respect did not deal with insolvency situations; and next, the Commonwealth has waived the priority, which theretofore it had acquired under the common law, by its legislative declaration of preferences in the settlement of insolvent estates in which it omitted any preference of its own.

It is true the cited decisions of the Pennsylvania courts showing that the Commonwealth has, by prerogative of sovereignty, preference in payment of debts were not cases of insolvency. They were, however, none the less declarations of its prerogative. Applying the law of those decisions to cases of insolvency, we are confronted by the necessity, if the trustee is to be sustained, of finding, in the absence of express waiver, that the Commonwealth has waived its prerogative by implication, there being in one Pennsylvania case words which indicate that the Commonwealth may do so when the implication is "necessary and irresistible." Commonwealth v. Baldwin, 1 Watts (Pa.) 54, 55, 26 Am. Dec. 33. Against this proposition cases generally, and cases in Pennsylvania itself, are strong to the effect that a state cannot be deprived of its rights of a sovereign by inference, that it must be manifested "by explicit terms" and "by appropriate constitutional or legislative action." Commonwealth v. Baldwin, 1 Watts (Pa.) 54, 55, 26 Am. Dec. 33; Booth & Flinn v. Miller, 237 Pa. 297, 307, 85 A. 457, 460. See In the Matter of Niederstein, 154 App. Div. 238, 138 N. Y. S. 952; In re Alamac Operating Corporation (C. C. A.) 42 F.(2d) 120.

We cannot find any legislative pronouncement, equivocal or otherwise, or any situation or circumstance in the insolvency laws of Pennsylvania which suggests the Commonwealth has surrendered its sovereign right of priority in the payment of debts over its citizens. Nor can we find an implication—certainly not a "necessary and irresistible" one —that such was its intent and purpose.

As the law of the sovereign in respect to priority in the payment of debts is still the law of Pennsylvania, it follows that the claim of the Commonwealth falls within section 64b(7) of the Bankruptcy Act and its priority should be allowed.

We are therefore constrained to reverse the decree of the District Court.