496

## In re FOLLANSBEE BROS. CO.
### No. 18787.

District Court, W. D. Pennsylvania.
Feb. 1, 1935.

Max Kahn, of Philadelphia, Pa., and Strassburger & McKenna, of Pittsburgh, Pa., for unsecured creditors.

John D. Meyer, of Pittsburgh, Pa., for the Commonwealth.

Patterson, Crawford, Arensberg & Dunn, of Pittsburgh, Pa., for bondholders.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for trustees.

SCHOONMAKER, District Judge.

The commonwealth of Pennsylvania has demanded of the trustees payment of the 1933 capital stock tax, which was settled and approved against the corporation on December 5, 1934, at $1,622.36, and the 1933 corporate loan tax, which was also settled and approved on December 5, 1934, at $6,011.54. The trustees have now come into court asking instructions as to what to do with reference to paying these claims, as they have funds with which to pay if this tax is a preferred debt.

The commonwealth of Pennsylvania appeared through an Assistant Attorney General, demanding payment of these tax claims as a debt, asserting priority of a sovereign in payment over other creditors.

This claim must be allowed as a debt of a sovereign entitled to priority in payment over other creditors under the authority of Commonwealth of Pennsylvania v. Stocker (C. C. A.) 70 F.(2d) 453. Counsel for trustees would distinguish the instant case from the Stocker Case, because the taxes in question were not settled till December 5, 1934, after the reorganization petition had been filed in the instant case. The distinction is not well made. The date of the computation of the tax is not controlling. The fact that a sovereign state has a debt for which she claims priority in payment is the controlling feature.

In the Stocker Case the commonwealth did not file a certificate of tax liens as it might have done, but merely presented a debt claim as to which it was claiming priority in payment over other creditors; and our Circuit Court of Appeals upheld the claim.

There are some cases from which a contrary view might be taken, i. e., In re York Silk Mfg. Co. (D. C.) 188 F. 735, affirmed (C. C. A.) 192 F. 81; Jung Arch Brace Co. v. Scholl Mfg. Co. (Cust. & Pat. App.) 36 F.(2d) 1007. But we believe they were overruled by Commonwealth v. Stocker, supra.

### Order of Court

Now, February 2, 1935, the claim of the commonwealth of Pennsylvania for 1933 capital stock tax, $1,622.36, and 1933 corporate loan tax, $6,011.54, is hereby approved as a debt entitled to priority in payment over other creditors, and the trustees are hereby authorized to pay the same as such.