**In re C. LEWIS LAVINE, Inc.**

District Court, D. New Jersey.
Jan. 21, 1941.

Max L. Rosenstein, of Newark, N. J., for Commonwealth of Pennsylvania.

Sidney Goldmann, of Trenton, N. J., for Mary Muccie.

FORMAN, District Judge.

On December 31, 1935, Mary Muccie obtained an award and judgment in the Workmen's Compensation Bureau of New Jersey against C. Lewis Lavine, Inc., in the sum of $11,686.36 in a proceeding arising out of the death of her husband while employed by the said company. This award and judgment was docketed in the Supreme Court of New Jersey on January 21, 1936. Thereafter Mary Muccie caused execution upon said judgment to be issued ·by the Clerk of the Supreme Court to the Sheriff of Mercer County. On February 24, 1936, George B. Hulit, Special Deputy, made levy under said execution upon the goods and chattels belonging to the company as set out in the return. These goods, however, were· left in the possession of the debtor in consideration of its promise to pay Mary Muccie on account of the judgment and costs, $250 on April 4, 1936, April 18, 1936, May 16, 1936, and May 30, 1936, and thereafter the sum of $25 each week until the balance due upon the judgment was paid in full. The stipulation incorporating the above promises further provided:

"In the event of default on the part of defendant, none of the legal rights as they now exist, of either of the parties, shall in any way be regarded as having been waived, restricted, or affected by the execution of this stipulation; and, in case of such default, the parties shall be restored to the legal positions respectively occupied by them prior to the execution hereof."

On July 21, 1938, C. Lewis Lavine, Inc., filed a petition under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, but no acceptable plan was presented and the attempt at reorganization failed. On April 21, 1939, an order was entered adjudging C. Lewis Lavine, Inc., a bankrupt.

By order entered May 29, 1939, the tangible personal property of the bankrupt, all located in Trenton, N. J., was directed to be sold at public sale on June 16, 1939, said sale to be free and clear of all liens, and the liens, if any, to attach to the proceeds of the sale.

In August, 1939, the Commonwealth of Pennsylvania filed two claims, one totalling $346.43 representing capital stock tax, corporate loan tax and corporate net income tax due for the years, 1936, 1937 and 1938, and the other in the sum of $1,159.33 covering contributions alleged to be due from the company for the years 1936 to 1939, inclusive, under the Unemployment Compensation Law of Pennsylvania, 43 P.S. § 751 et seq.

C. Lewis Lavine, Inc., made installment payments pursuant to ·the stipulation with Mary Muccie until adjudication in bankruptcy, and there is $10,293.69 (including a calculation for interest) owing on the judgment. There remains only around $1,300 from the sale of the tangible personal property of the bankrupt. Each of the claimants, Mary Muccie and the Commonwealth of Pennsylvania, ask for this entire fund.

The Referee in his memorandum held that the claim of Mary Muccie is superior to that of the Commonwealth of Pennsylvania, there being no evidence of abandonment of her lien, or proof of actual fraud in the suspension of a sale thereunder. A reversal of this determination is sought herein.

The question is whether or not Mary Muccie has lost the security of her lien by virtue of her failure to proceed with a sale under the levy in consideration of an installment plan of satisfaction.

At common law the rule was that any delay in an execution sale deprived the execution of its force until restored by a countermand, and if in the meantime a second execution were taken out and levied the former must be postponed. Caldwell v. Fifield & Matthews, 24 N.J.L. 150; James v. Burnet, 20 N.J.L. 635; Sterling v. Van Cleve, 12 N.J.L. 285. The Commonwealth of Pennsylvania seeks priority on its claim by reason of the fact that it arose while the debtor was in possession of the goods levied upon by Mary Muccie.

The State of New Jersey has departed from the rigid rule of the common law in this respect. Caldwell v. Fifield & Matthews; James v. Burnet; Sterling v. Van Cleve, supra. In this state the sheriff is not bound to remove goods levied upon, but may leave them in the possession of the debtor until the day of the sale. Furthermore, it is proper for the execution creditor to direct the sheriff not to proceed with a sale until further orders. Caldwell v. Fifield & Matthews. If in the meantime another claim arises the question is whether the failure to pursue the first execution was for fraudulent purposes, and, if so, the latter claim shall prevail. Caldwell v. Fifield & Matthews; James v. Burnet; Sterling v. Van Cleve, supra.

The New Jersey cases, Schneider v. Schmidt, 86 N.J.Eq. 366, 98 A. 418, Cook

v. Wood, 16 N.J.L. 254, do not conflict with this proposition. In the former case the court held that there was a definite abandonment of the lien, and in the latter there was such indefinite stay of execution as to amount to constructive fraud.

The cases of Minnich v. Gardner, 292 U.S. 48, 54 S.Ct. 567, 78 L.Ed. 1116,. and Pennsylvania v. Stocker, 3 Cir., 70 F.2d 453, also offered by the Commonwealth of Pennsylvania are not controlling. In the first of these cases sale was deferred but a second order directing sale was given prior to any intervening claimants. In the latter, the question did not concern lien claimants, but priority as between a state and an individual, both of whom appeared as general creditors.

Our conclusion is that it was relevant for the Referee to consider whether or not the sale under the execution was abandoned, and whether or not its suspension was based on fraudulent motives. This court is of the opinion that the stipulation entered into between Mary Muccie and C. Lewis Lavine was prompted by good faith by a merciful creditor, and not inspired by prejudice to succeeding lienors. Since the conduct of the parties has not altered the security of the lien of Mary Muccie, it follows that this lien is prior to any claim of the Commonwealth of Pennsylvania, and that the order of the Referee distributing the moneys on hand to her is affirmed.