67 N.J. Super. 592 (1961)
171 A.2d 133
JOSEPH F. GREENE, JR., SUBSTITUTED TRUSTEE UNDER THE WILL OF ANNIE E. SAHLIN, DECEASED, PLAINTIFF,
v.
GEORGE E. SAHLIN AND JULIA A. SAHLIN, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 15, 1961.
*593 Messrs. Curry, Purnell & Greene, attorneys for plaintiff (Mr. Joseph F. Greene, Jr., appearing).
Mr. Maurice L. Praissman, attorney for defendant George E. Sahlin.
Mr. W. Louis Bossle, attorney for defendant Julia A. Sahlin.
WICK, J.S.C.
This matter comes before the court upon written stipulation of facts filed with the court by all parties in lieu of the presentment of formal evidence.
From the stipulation come the following facts: defendant Julia A. Sahlin (hereafter referred to as Mrs. Sahlin) and defendant George E. Sahlin (hereafter referred to as Mr. Sahlin) are husband and wife living apart from each other. Mr. Sahlin acquired, on February 1, 1946, title to certain real property located at 1417-29 Sheridan Street in the City of Camden. Mrs. Sahlin brought an action for separate maintenance against Mr. Sahlin in which a consent decree was entered on October 24, 1947, ordering Mr. Sahlin to pay a weekly sum for the support and maintenance of Mrs. Sahlin and their two children. Mr. Sahlin has been and still is in arrearage of that consent decree. On August 20, 1954 Mrs. Sahlin recovered a judgment in the sum of $835 in the Superior Court, Chancery Division, for arrears of maintenance due as of June 16, 1954 under the above recited consent decree. The Sheriff of Camden County, on August 25, 1954, made a levy upon Mr. Sahlin's property at 1417-29 Sheridan Street pursuant to an execution issued out of this court on the judgment of August 20, 1954. Then, on October 15, 1954, the Camden Trust Company obtained a judgment in attachment on this same property in a certain cause then pending for $965 and costs. This judgment was later assigned to the Jenesco Corporation, to whom full satisfaction was made by Mr. Sahlin on September 25, 1958. On October 29, 1954, an order for sequestration was entered, *594 directing one Clifford J. Shemeley, Probation Officer of Camden County, to sequester these lands. Although a notice of sequestration was prepared for Mr. Shemeley by Mrs. Sahlin's counsel with the suggestion that he sign and file this notice with the register of deeds, such was not done and Mr. Shemeley was discharged as sequestrator by order of this court on September 19, 1958.
On June 20, 1958 judgment was entered against Mr. Sahlin, directing that Mr. Sahlin be removed as executor of the estate of Annie E. Sahlin; that plaintiff in this action, Joseph F. Greene, Jr., Esq., be appointed substituted trustee of the trusts created under the last will and testament of Annie E. Sahlin; and that Mr. Sahlin be surcharged in the sum of $5,794.64 for conversions and misappropriations committed by him as executor of that estate. A levy was subsequently made by the sheriff on the premises at 1417-29 Sheridan Street on July 1, 1959 under a writ of execution issued by the clerk of this court pursuant to the judgment of surcharge.
The plaintiff now seeks a declaratory judgment determining whether Mrs. Sahlin is still entitled to priority status as a levying judgment creditor on the premises at 1417-29 Sheridan Street. The plaintiff, as a junior execution creditor under the judgment of surcharge, alleges that Mrs. Sahlin has either abandoned, released, waived, or used her levy in a manner constructively fraudulent to the rights of the plaintiff, so that her levy should be declared to be subordinate to that of his subsequent levy of July 1, 1959. In support of that contention plaintiff relies upon the failure of Mrs. Sahlin to order the sheriff to proceed with the sale of the premises levied upon. The levy of Mrs. Sahlin was made on August 25, 1954 with the express instructions that the sheriff hold "the execution and levy for further instructions." Although approximately five years elapsed before the institution of this action, no further instructions regarding the sale of these premises under this levy were given to the sheriff by Mrs. Sahlin.
*595 Under the common law the rule was that any delay at the order of the levying creditor in an execution sale deems that execution constructively fraudulent per se and thus subordinate to subsequent executions. See Annotation, 86 A.L.R. 1412 (1932), and the cases cited therein; In re C. Lewis Lavine, Inc., 36 F. Supp. 351 (D.C.N.J. 1941). However, New Jersey has long departed from the rigid rule of the common law in this respect. There is no irrebuttable presumption of fraud in New Jersey; however, certain acts may be evidence of fraud. In Cumberland Bank v. Hann, 19 N.J.L. 166 (Sup. Ct. 1842), several principles in regard to priorities of writs of execution were stated. Among them was the following:
"Fourth. If the sheriff is unwilling to leave the goods in the defendant's possession, at his own risk, he may do so by the direction or consent of the plaintiff, and at the plaintiff's risk as to waste, loss or destruction, without thereby losing his legal custody of them, or the plaintiff's priority, if it is done in good faith. But if they are so left for several years, or an unusual or unreasonable time, and the defendant is permitted to use and enjoy them as before the levy, it may be evidence of a fraudulent intent in law, more or less strong according to the circumstances, and of which the court must judge, whenever the question arises."
In Caldwell v. Fifield & Matthews, 24 N.J.L. 150 (Sup. Ct. 1853), the Supreme Court reaffirmed that principle. Chief Justice Green, speaking for the court, at page 155 stated:
"It is equally well settled in this state that the plaintiff, when he delivers his execution to the sheriff, or at any time afterwards, may direct the sheriff not to proceed to a sale without further orders from him, or unless urged on by younger executions, without thereby losing his priority, provided it be done in good faith. Sterling v. Vancleve, 7 Halst. 285 [12 N.J.L. 285]; James v. Burnet, Spencer 635 [20 N.J.L. 635]; Cumberland Bank v. Hann, 4 Harr. 166 [19 N.J.L. 166]."
However, Mrs. Sahlin contends that Caldwell v. Fifield & Matthews, supra, overruled Cumberland Bank v. Hann, supra. A careful analysis of the Caldwell opinion reveals that Mrs. Sahlin's position is correct insofar as the Cumberland *596 Bank case holds that merely permitting a debtor in execution, after the levy, to deal with the property as his own constitutes a legal fraud per se which, without regard to the bona fides of the transaction, will postpone the execution in favor of a subsequent levy. The rule which the Caldwell opinion establishes is that such acts by the creditor afford evidence of a fraudulent intent, which may be rebutted. That result is consistent with the principle of the Cumberland Bank case upon which this court herein relies. Both cases state that the respective acts in question are only evidence of a fraudulent intent which may be rebutted and are not fraudulent per se.
The court must now determine whether the delay of Mrs. Sahlin to order the sheriff to proceed to sale under her levy was in good faith. The length of the delay itself must be considered. Herein the delay is a considerable one; the levy was first made on August 25, 1954, and up to the present no instructions to proceed with the sale have been given the sheriff. The levy had been unexecuted for almost five years before the plaintiff instituted this action on July 27, 1959. The longer the delay, the stronger is the evidence of the fraudulent intent. Caldwell v. Fifield & Matthews, supra, upon which Mrs. Sahlin relies for the proposition that the length of the delay herein is not decisive, is distinguishable from the case at bar. Not only was the delay in that case only from January to December of the same year, but the court also found that the motives of the levying judgment creditor in delaying the sale and permitting the debtor to continue to use and consume the levied property was the humanitarian desire to aid the debtor to satisfy his obligations through the continued operation of his business. Here Mrs. Sahlin was primarily motivated by her own financial interests. By delaying the execution sale Mrs. Sahlin permitted Mr. Sahlin to continue his control over the premises. This control also included the collection of the rental income. The records of the Camden County Probation Office show that since July, 1954, $2,860 was paid *597 to Mrs. Sahlin by Mr. Sahlin through that office. The accounting of the rental receipts and disbursements from these premises reveals that these payments received by Mrs. Sahlin were from the rental income which Mr. Sahlin received from this property. Thus, not only is the delay herein considerable, but Mrs. Sahlin, the senior execution creditor, was actually benefitting financially from this delay. If the sale had been held then, Mrs. Sahlin would have recovered the amount of her judgment ($835 plus costs) under which the levy was made; by delaying the sale she has permitted the debtor, Mr. Sahlin, to keep the means through which he has been able to pay some $2,860 as maintenance and support to Mrs. Sahlin.
In rebuttal to the strong inferences of fraud which the court must draw from the above facts, Mrs. Sahlin has given the following reasons for her delay: (1) she thought the property was in custodia legis by virtue of the appointment of a sequestrator and thus could not have been sold without the permission of this court; (2) she could never raise the deposit necessary to reimburse her attorney for sheriff's execution fees; (3) the issuance of the writ of attachment by the Camden Trust Company under its judgment antedated her judgment and hence was prior to the lien of her judgment; and (4) she had no means by which she could pay the taxes and the upkeep of the premises in the event she acquired title thereto. These reasons do not sufficiently rebut the above evidence that the intent of Mrs. Sahlin herein was fraudulent as to the plaintiff's levy. It was the obligation of Mrs. Sahlin to determine that the order of sequestration was being properly fulfilled. The judgment in attachment which Mrs. Sahlin says she could not pay was satisfied in full on September 25, 1958, approximately ten months before this action was instituted. Furthermore, it is the opinion of this court that Mrs. Sahlin should have made a more diligent attempt to make the financial arrangements necessary for her to proceed with this sale.
*598 In view of the unreasonable length of the delay in the sale under Mrs. Sahlin's levy and the financial benefits she received from said delay, this court must reach the conclusion that the delay herein was not in good faith and thus is fraudulent as to the plaintiff's levy. By virtue of this conclusion, the plaintiff's levy must now be given priority herein. Judgment will be entered accordingly.